**In re Michael Milken and Associates Securities Litigation.**

**MDL No. 924.**

**In re AMES DEPARTMENT STORES, INC. DEBENTURE LITIGATION.**

**In re AMES DEPARTMENT STORES, INC. NOTE LITIGATION.**

**In re AMES DEPARTMENT STORES, INC. STOCK LITIGATION.**

**This Document Relates To: All Actions.**

**Nos. 92 Civ. 9239 (MP), 93 Civ. 4199 (MP), 93 Civ. 4105 (MP).**

United States District Court, S.D. New York.

Oct. 18, 1993.

Melvyn I. Weiss, Robert P. Sugarman, George A. Bauer, III, Milberg Weiss Bershad, Hynes & Lerach, New York City, Robert M. Kaplan, Richard Kilsheimer, Frederic S. Fox, Kaplan & Kilsheimer, New York City, settling plaintiffs' co-lead counsel.

Edward Labaton, Lawrence A. Sucharow, Goodkind Labaton, Rudoff & Sucharow, New York City, Robert S. Schachter, Zwerling, Schachter & Zwerling, New York City, co-lead counsel of the plaintiffs in the Stock Litigation.

Arthur N. Abbey, Stephen T. Rodd, Abbey & Ellis, New York City, co-lead counsel of the plaintiffs in the Note Litigation.

J. Daniel Sagarin, Elias A. Alexiadaes, Hurwitz & Sagarin, Milford, CT, for plaintiffs in the Note Litigation.

Michael J. Freed, Much Shelist Freed Denenberg Ament & Eiger, P.C., Chicago, IL, for plaintiffs Avers Wexler, Trustee of Avers Wexler Trust in the Debenture Litigation.

Glen DeValerio, Berman DeValerio & Pease, Boston, MA, for plaintiff Michael Moss in the Debenture Litigation.

Jeffrey A. Klafter, Bernstein Litowitz Berger & Grossmann, New York City, for plaintiff Jay D. Hirsch in the Debenture Litigation.

Richard B. Danenberg, Lowey Danenberg Bemporad & Selinger, P.C., New York City, for plaintiffs Hardy Phippen and Edward S. Greenwald, M.D., in the Debenture Litigation.

Marvin A. Miller, Miller, Faucher, Chertow, Cafferty & Wexler, Chicago, IL, for plaintiff Avers Wexler, Trustee of Avers Wexler Trust in the Debenture Litigation.

Todd S. Collins, Berger & Montague, Philadelphia, PA, for plaintiff Sheldon Shore in the Stock Litigation.

Bruce Gerstein, Garwin, Bronzaft, Gerstein & Fisher, New York City, for plaintiff David Minkoff in the Stock Litigation.

C. Oliver Burt, III, Chimicles, Burt, Jacobsen & McNew (formerly Greenfield & Chimicles), Haverford, PA, for plaintiff Rodney B. Shields in the Stock Litigation.

Harvey S. Kronfeld, Harvey S. Kronfeld, P.C., Philadelphia, PA, for plaintiff Samuel H. Title in the Stock Litigation.

Stanley M. Grossman, Pomerantz Levy Haudek Block & Grossman, New York City, for plaintiff Violet Klein in the Stock Litigation.

I. Stephen Rabin, Rabin & Garland, New York City, for plaintiffs Dominick T. and Anne M. Brancato in the Stock Litigation.

Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, for plaintiff Goldie Jaroslawicz in the Stock Litigation.

Stuart H. Savett, Savett Frutkin Podell & Ryan, Philadelphia, PA, for plaintiff Goldie Jaroslawicz in the Stock Litigation.

Joel C. Feffer, Wechsler Skirnick Harwood Halebian & Feffer, New York City, for plaintiffs Nathan and Florence Spiro in the Stock Litigation.

David A.P. Brower, Wolf Haldenstein Adler Freeman & Herz, New York City, for plaintiff Charles Collier in the Stock Litigation.

Stephen D. Oestreich, Wolf Popper Ross Wolf & Jones, New York City, for plaintiff David Kahn in the Stock Litigation.

Michael P. Koskoff, Richard A. Fuchs, Koskoff, Koskoff & Bieder, Bridgeport, CT, for plaintiffs in the Stock and Debenture Actions.

Lewis A. Kaplan, David Jaroslaw, Bruce A. Birenboim, Paul Weiss Rifkind Wharton & Garrison, New York City, for defendants Wertheim, Salomon Bros. Inc., Merrill Lynch, Pierce, Fenner & Smith Inc., Shearson Lehman Hutton, Inc., Advest, Inc. and Seidler Amdec Securities Inc.

Andrew M. Schatz, Schatz & Schatz, Ribicoff & Kotkin, Hartford, CT, for defendants Peter B. Hollis, Duane R. Wolter and Phillip M. Chrusz.

Jeffrey M. Rudman, William H. Paine, Hale and Dorr, Boston, MA, for defendants James A. Harmon, Michael D. Leavitt, Rosabeth Moss Kanter, Norman Ricken, Norman B. Asher, Melvin M. Rosenblatt and Earl M. Spector.

Alan R. Glickman, Schulte Roth & Zabel, New York City, for defendants Coopers & Lybrand.

Douglas H. Meal, Ropes & Gray, Boston, MA, for defendants Arthur F. Loewy, Maurice Segall and the TJX Companies, Inc.

## AMENDED DECISION *

MILTON POLLACK, Senior District Judge.

### Award of Fees

On July 19, 1993, this Court approved the settlement of the above entitled actions, including the Plan of Allocation set forth in paragraphs 4 to 11 of the Class Notice. The judgment entered on that date dismissed all of the Class Actions on the merits, with prejudice and without costs. The Court retained jurisdiction over the implementation and enforcement of the Settlement, the dis-

---

* Amended by Errata dated October 18, 1993, at page 9 of filed Original Decision.

tribution of the Settlement Fund including interest thereon, the disposition of the Settlement Fund, and the determination of applications for attorneys' fees, costs, interest and expenses (including fees and costs of experts and consultants). Finding the Plan in all respects reasonable, fair and adequate, the Court directed that the settlement be consummated. It was provided that "A separate ruling would be made as to the allowable expenses in connection therewith."

The Settlement Fund for the members of all three Classes consists of $41 million in cash plus interest and 200,000 series B warrants of Ames Department Stores Inc. An additional cash recovery of approximately $5,700,000, payable from the Reorganization proceedings in *In re The Drexel Burnham Lambert Group Inc.*, 90 Civ. 6954 (MP), Case No. 90 B 10421 (FGC) (Jointly Administered) was obtained for the Debenture Class (and certain other persons who filed proofs of claim in the Drexel Reorganization proceeding). As of September 24, 1993, there is $41,152,773 (including interest and net of estimated taxes and of C.R.I.S. fees) on deposit in the Settlement Fund in the Court's Registry Investment System ("C.R.I.S."). There is also on deposit $2,467,707 (including interest and net of estimated taxes and of C.R.I.S. fees) recovered thus far from the Reorganization proceeding; the balance of the recovery due from the Reorganization will be paid upon the liquidation of certain assets.

Plaintiffs' Counsel ("Counsel") submitted a joint petition to the Court for an award of attorneys' fees and reimbursement of expenses together with a memorandum in support thereof dated July 1, 1993. It recites that Counsel have successfully prosecuted these actions and obtained for the benefit of the Classes cash and securities which have a total value in excess of $46,700,000. It further notes that Counsel advised the Class Members that Counsel would seek, in addition to expenses, an award of fees of up to 28% of the Settlement Funds and the Warrants. No objection to such an award of fees has been filed.

Counsel petition for a fee equal to 25% of the Settlement Funds and the Warrants. They contend that the resulting figure is well within the acceptable range of fee awards regardless of which of the two methods of fee calculation—lodestar or percent-of-the-recovery—the Court might adopt. Counsel also requested that the Settlement should pay and reimburse $1,428,025 in litigation expenses incurred in connection with the prosecution of these actions. These expenses were detailed in Plaintiffs' Counsels' Affidavit. *See* Joint Affidavit of Robert N. Kaplan, Melvyn I. Weiss and Edward Labaton at Ex. B.

In the instant case, the Court deems it appropriate to test the propriety of the requested percentage-of-the-recovery award by comparing it with a lodestar, fairly adjusted for the relevant factors detailed below. A lodestar analysis, which is still the rule in the Second Circuit, subject to discretionary upward adjustments, provides a useful guide for determining a fair and reasonable fee in common fund recovery cases such as these. It tends to control and avoid a sense of vicarious generosity at the expense of the classes for whom the fund was created. By contrast, percentage allowances have the capacity to yield arbitrarily high or low compensation for the professional tasks assumed and performed. Particularly in modern megafund cases, the mechanical application of an arbitrary percentage fee allowance payable out of a common fund may yield fees which simply do not correlate with the costs of professional services actually required and performed. Indeed, in some instances, fees awarded on a percent-of-the-recovery basis have generated complaints that the awards are inconsistent with ethical and fiduciary standards for compensation for legal services. Really the method of fixing the fee comes down to determining what the lawyer should receive if he was selling his services in the market.

In the instant case, the 25% fee requested by Counsel under a percentage-of-the-recovery basis is also reasonable when tested under a lodestar analysis. Plaintiffs' Counsel submitted proof of the time spent on their services, calculated at current rates on the lodestar principle, for all law firms representing Plaintiffs in these actions. *See* Joint Affidavit of Robert N. Kaplan, Melvyn I.

Weiss and Edward Labaton at Ex. A. As shown therein, the total lodestar amount for all Plaintiffs' Counsel, reflecting the work performed in all three Class Actions is $6,336,065.06. The Court has broad discretion which should be appropriately exercised herein to adjust the lodestar to take account of such factors as: (i) the contingent nature of the expected compensation for their services; (ii) the consequent risk of non-payment viewed as of the time of filing the suit; (iii) the quality of representation; and (iv) the results achieved. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470-73 (2d Cir.1974); *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168-69 (3d Cir.1973); *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 112-18 (3d Cir.1976). In high risk common fund cases such as these, courts normally apply a multiplier to the lodestar to adjust for the foregoing considerations in arriving at the total fee to be awarded.

It has generally become the practice of counsel to seek compensation based on the gross recovery achieved and to add thereto the legal expenses incurred by counsel payable out of the fund. This practice of first awarding fees and then deducting legal expenses from the Fund remainder diminishes the recovery for the classes. Accordingly, in determining the base for application of a percentage of the recovery, the Court deems it appropriate to first deduct the expenses from the total gross recovery for the purpose of determining the actual benefit to the classes, and then to apply the proposed percentage against the actual fund thus produced for the classes.

The Court finds that the percentage-of-the-recovery method of calculating the award to be made reasonably coincides with the amount derived from the adjusted lodestar method. This serves to establish and confirm the fair and reasonable award of fees to be made herein.

As of September 24, 1993, there is $41,-152,773 (including interest and net of estimated taxes and of estimated C.R.I.S. fees) on deposit in the Settlement Fund in the Court's Registry Investment System. After deducting litigation expenses of $1,358,472 and a reserve of $300,000 for administrative expenses to be incurred, there is available to the Classes the sum of $39,494,301. Of this net figure, the Court awards to all Counsel involved, in compensation for their services, a fee of 25% thereof or $9,873,575. Counsel are also awarded 25% of the 200,000 series B warrants of Ames Department Stores, Inc.

As of September 24, 1993, there is currently $2,467,707 (including interest and net of estimated taxes and of estimated C.R.I.S. fees) available to the Debenture Class under the Drexel Settlement. After deducting legal expenses of $69,553, the recovery for the Debenture Class amounts to $2,398,154. The Court awards a counsel fee of 25% thereof, or the sum of $599,538.50.

Ninety percent (90%) of the said cash awards shall be paid currently and ten percent (10%) shall be maintained in a reserve, to be paid to Counsel at the time of the final distribution of the benefits to the Classes.

An appropriate order shall be submitted directing that, for administrative convenience and in pursuance of the agreement of all of Plaintiffs' Counsel, the firm of Milberg, Weiss, Bershad, Hynes & Lerach be and is authorized and directed to allocate the fees awarded by this order among Plaintiffs' Counsel in accordance with their respective stipulations. The order to be submitted hereon shall direct the Clerk of the United States District Court for the Southern District of New York to apply to the Court Registry Investment System for withdrawal of the allowed amounts from the Registry and to make delivery of the appropriate checks.