Danny BERLINSKY, Plaintiff,

v.

ALCATEL ALSTHOM COMPAGNIE GÉNÉRALE D'ELECTRICITÉ a/k/a Alcatel Alsthom, Defendant.

No. 94 Civ. 9088 (CBM).

United States District Court,
S.D. New York.

April 28, 1997.

Joseph H. Weiss, Law Offices of Joseph H. Weiss, New York City, for plaintiff.

Kenneth M. Kramer, Shearman & Sterling, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

The parties to this class action suit, which arises under § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, have agreed to a settlement. For the reasons provided below, the court finds the terms of this settlement to be fair and reasonable and orders final approval thereof.

## BACKGROUND

This is a securities fraud case filed on December 20, 1994. The class is composed of persons who purchased defendant's American Depositary Shares between May 1, 1992 and June 7, 1996. Defendant Alcatel Alsthom is a French corporation with an American subsidiary located in New York City. The underlying events that give rise to this suit involve the conduct of another Alcatel subsidiary in France. Plaintiff alleges that this subsidiary engaged in a long-term practice of systematically and fraudulently overbilling its largest customer, France Telecom. Plaintiff charges that defendant's press releases and SEC filings were materially misleading in that they failed to disclose not only the majority of the facts related to this overbilling scheme, but also the extent of French government investigations into that scheme. Plaintiff contends that, by making these material misrepresentations and omissions, defendant violated Rule 10b–5. Plaintiff pleads the fraud-on-the-market theory of reliance, arguing that the effect of defendant's statements was to artificially inflate the market price of its securities, and that the class members relied on this market price in purchasing the securities.

On January 10, 1997, the court reviewed a previously submitted Stipulation of Settle-

ment ("Stipulation") between the parties and preliminarily approved the terms thereof. The Stipulation provided for defendant to establish a fund of $8,800,000 from which members of the class would be compensated. Moreover, the Stipulation allowed plaintiff's counsel to receive up to 27.5 percent of the settlement fund as attorney's fees and reimbursement of costs and expenses.

After preliminary approval, the court established April 11, 1997 as the hearing date at which members of the class could voice their objections to the terms of the settlement or opt out of the class entirely. The court required that fair notice be given to class members, including the mailing of notices of settlement to class members and the publication of a summary notice of hearing in *The New York Times* and *The Wall Street Journal.*

Despite this ample notice, only one written objection was received, relating to the amount of attorney's fees involved in the litigation. Furthermore, there were no objections raised at the hearing on April 11, 1997. Because plaintiff's counsel had not provided the court with any documentation relating to the amount of work he had done on the project, the court directed him to do so before any award of attorney's fees would be granted. However, at defendant's request, the court agreed to rule separately on the settlement and the amount of fees to be given to plaintiff's counsel. Because the court finds the terms of the settlement to be both fair and reasonable, the court orders final judicial approval thereof, with judgment reserved as to the attorney's fees issue.

## DISCUSSION

■ The approval of a class action settlement is a matter committed to the sound discretion of the district court. *TBK Partners Ltd. v. Western Union,* 675 F.2d 456, 463 (2d Cir.1982). In approving such a settlement as fair and reasonable, however, a district court "must consider many factors, including the complexity of the litigation, comparison of the proposed settlement with the likely result of litigation, experience of

class counsel; the scope of discovery preceding settlement, and the ability of the defendant to satisfy a greater judgment." *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 292–93 (2d Cir.1992). *See also City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir.1974)(reciting these and other factors to be considered by a district court).

■ Upon reviewing the relevant factors, the court finds the terms of the settlement to be fair to members of the class. Though plaintiff's claims may have some merit to them, and though the class members could stand to gain more were he actually to succeed at a full trial on the merits, there are numerous obstacles to recovery which make the decision to settle a reasonable one. First of all, there is the fact that securities fraud cases such as this one are complex, and the time necessary to complete discovery is substantial. Plaintiff, to the benefit of all class members, successfully avoids the time and expense necessary to prepare this case for trial by settling the case. Secondly, defendant is able to raise a number of defenses commonly asserted in 10b–5 actions, including the lack of detrimental reliance, the lack of causation between any alleged misrepresentation and the price of the stock, and the absence of any material misstatements of fact. These defenses pose a significant risk to the class members' ability to recover any damages from defendant. Finally, and most importantly, there is the fact that defendant is a foreign entity. This complicates and adds to the expense of discovery, gives defendant a possible defense of lack of personal jurisdiction, and makes plaintiff's ability to enforce a judgment rendered in his favor considerably more difficult. As a result, the court finds that plaintiff's willingness to settle this case on the terms provided in the Stipulation is both fair and reasonable.

## CONCLUSION

The court grants final approval of the class action settlement reached between the parties and reserves judgment on the amount of attorney's fees to be awarded.

## ORDER OF FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT, AND ORDER OF DISMISSAL

This matter having come before the Court for approval of a settlement of this action and for approval of an award of attorneys' fees and costs, and the Court, having considered all papers filed in connection therewith and the record herein and good cause appearing, it is on this 28 day of April 1997,

ORDERED, as follows:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Class [1] as that term is defined in the Stipulation of Settlement ("Stipulation") dated December 20, 1996, and hereby determines that due and proper notice of the proposed settlement of this action has been given to members of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and due process.

2. Based upon the submissions by plaintiff's counsel, this Court finds that the dissemination of the Notice of Settlement ("Notice") and publication of the Summary Notice in this action constituted the best notice practicable under the circumstances, and due and sufficient notice to those entitled to such notice.

3. This Court hereby approves the settlement of this class action set forth in the Stipulation, and finds that said settlement is, in all respects, fair, reasonable and adequate to plaintiff and the members of the Class, and further directs the parties thereto to consummate the terms and provisions of the Stipulation.

4. With the exception of all those persons who have previously requested exclusion from this Class pursuant to the Notice previously disseminated, this Court hereby dismisses on the merits, with prejudice and without costs, and this final judgment extinguishes, the Class Claims, which constitute all claims, demands, rights, litigations and causes of action, of whatever nature, character or description, whether class, direct, representative, or individual in nature, known or unknown, foreseen or unforeseen, concealed or hidden, accrued or unaccrued, which were or could have been asserted, or could hereafter be asserted, in this or any other court or forum by plaintiff or any member of the Class, or their respective agents, heirs, executors, administrators, successors or assigns, or any of them against defendant Alcatel Alsthom Compagnie Generale D'Electricite a/k/a Alcatel Alsthom ("Alcatel" or the "Defendant"), any of the Defendant's past or present subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, employees, agents, attorneys, insurers, heirs, executors or representatives from any and all Released Claims arising from or connected with any of the following: (1) the purchase of common shares of Alcatel by plaintiff or any members of the Class during the Class Period, (2) any annual report, quarterly earnings reports, filings with the Securities and Exchange Commission, or any other publicly disseminated document or any public statement(s) or oral or written representation or omission of any type whatsoever, disseminated by or on behalf of Alcatel, or any of its subsidiaries or on behalf of any officer, director, employee, agent, attorney, or representative during the Class Period, and (3) the transactions, events, occurrences, acts or omissions related, directly or indirectly, to the subject matters referred to, or set forth, in the Complaint in this action or in this Litigation, including any breach or violation of any federal, state, common or other law or any duty imposed by law, contract, or otherwise which could have been alleged or litigated in the action.

5. All members of the Class and their respective agents, heirs, executors, administrators, successors and assigns, are hereby forever barred and enjoined from instituting or prosecuting, either directly or indirectly, against Alcatel or any of the Defendant's

---

1. All defined terms as set forth in the Stipulation and Agreement of Settlement are incorporated herein.

past or present subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, employees, agents, attorneys, insurers, heirs, executors or representatives any and all claims, demands, rights, litigations and causes of action, of whatever nature, character or description, whether class, direct, representative, or individual in nature, known or unknown, foreseen or unforeseen, concealed or hidden, accrued or unaccrued, which were or could have been asserted, or could hereafter be asserted, in this or any other court or forum by plaintiff or any member of the Class, or their respective agents, heirs, executors, administrators, successors or assigns in: (a) this action, (b) any other action or proceeding in any other court or forum, based upon, related to, arising from or connected with any of the following: (1) the purchase of Alcatel Depository Shares by plaintiff or any members of the Class during the Class Period, (2) any annual report, quarterly earnings reports, filings with the Securities and Exchange Commission, or any other publicly disseminated document or any public statement(s) or oral or written representation or omission of any type whatsoever, disseminated by or on behalf of Alcatel or any of its subsidiaries or on behalf of any officer, director, employee, agent, attorney, or representative during the Class Period, and (3) the transactions, events, occurrences, acts or omissions related, directly or indirectly, to the subject matters referred to, or set forth, in the Complaint in this action or in this Litigation, including any breach or violation of any federal, state, common or other law or any duty imposed by law, contract, or otherwise which could have been alleged or litigated in the action.

6. The Settlement is not an admission by the Defendant of the validity of any actions or claims which arise out of, directly or indirectly, or are in any way connected with, the facts, circumstances, transactions or occurrences described directly or indirectly in this action, or of any wrongdoing by Alcatel, or of any violation of law. The Stipulation and Settlement embodied herein is not a concession and neither shall be used as an admission of any fault or omission by the Defendant or any other person in any statement, release, or written document issued, filed or made. Neither the Stipulation, nor the fact of its execution, nor any of its provisions, nor any action taken in accordance with the terms of the Stipulation or this Order shall be offered or received in evidence in any action or proceeding, or otherwise referred to or used in any manner in any court or other tribunal, except to enforce the terms thereof.

7. Without affecting the finality of this judgment, the Court hereby reserves and retains continuing jurisdiction to: (1) determine the amount of attorneys' fees to award plaintiff's counsel and the reimbursement of expenses incurred by plaintiff's counsel; and (2) to order the performance of the Settlement, including, but not limited to, the approval or rejection of claims, and the distribution of the Settlement Fund in accordance with the Settlement, the payment of the settlement administrator's fees and expenses and the Court's further Order.

8. It is expressly determined, within the meaning of Fed.R.Civ.P. 54(b), that there is no just reason for delay and final judgment is hereby entered.