**In the Matter of the Arbitration Between P.M.I. TRADING LIMITED Petitioner,**

v.

**FARSTAD OIL, INC., Respondent.**

**No. 00 CIV. 7120(RLC).**

United States District Court, S.D. New York.

April 10, 2001.

See also 2001 WL 38282.

Haight, Gardner, Holland & Knight, A Law Office of Holland & Knight LLP, New York City, Marisa Marinelli, Francesca Morris, Of Counsel, for Petitioner.

Storch, Amini & Munves, P.C., New York City, Steven G. Storch, Of Counsel, for Respondent.

## OPINION

ROBERT L. CARTER, District Judge.

### BACKGROUND

On January 11, 2001, the court issued an order confirming an arbitration award in favor of Petitioner P.M.I. Trading Limited ("PMI") and ordered Respondent Farstad Oil, Inc. ("Farstad"), to pay $628,515.78 plus interest. Farstad was also ordered to pay $2500 in administrative fees awarded by the arbitration panel, and to reimburse PMI for its costs and fees incurred in bringing the petition to confirm the arbitration award, including reasonable attorneys' fees. PMI was instructed to submit its calculation of interest and fees to which it was entitled, accompanied by appropriate documentation, such as contemporaneous attorney time records, the names and experience levels of the attorneys who worked on the petition and their regular hourly billing rates. Counsel for PMI has made a submission in accordance with these orders, and Farstad has filed a memorandum of law opposing PMI's calculation of attorneys' fees.

PMI has requested compensation for the work done by the following individuals. Marisa Marinelli served as the supervising attorney for all work done on this matter. She is a partner with the law firm of Holland & Knight, has practiced law for over twelve years, and her normal billing rate is $300 per hour. Francesca Morris is an associate at the same law firm who has been practicing law in New York for approximately one and a half years and her regular billing rate is $200 per hour. Marc Antonecchia is associated with the same firm. Antonecchia has not yet been admitted to the New York Bar, but did pass the New York State Bar exam given in July, 2000. His normal billing rate is $180 per hour. Wallis Karpf is apparently a paralegal at the firm whose normal billing rate is $115 per hour. Jerome Wills and Rudy Green are both clerks with the firm whose normal billing rates are $35 and $65 per hour, respectively.

### DISCUSSION

In determining appropriate attorneys' fees, courts employ a "lodestar" methodology.[1] The court multiplies the "number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The court must consider the normal hourly rate for an attorney in the same community with the same experience and training, as well as the number of hours which

---

1. The court recognizes that much of the precedent that is pertinent to the calculation of attorneys' fees involves the application of a specific statutory justification for such fees. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (applying 28 U.S.C. § 1988). In this case, the award of attorneys' fees was based upon the court's inherent equitable powers. (Op. at 10–11.) Nevertheless, the application of this lodestar methodology is appropriate to aid the court in arriving at a reasonable fee. It is the only method which is advanced by the parties, and, indeed, appears to be the only approach invoked by courts when calculating attorneys' fees.

reasonably should be required to prosecute the claim. *See Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 98 (2d Cir.1997). While the district court has the discretion to adjust the lodestar amount based on several factors, it is presumed to be a reasonable fee. *See Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir.1999). The calculation of reasonable attorneys' fees using the lodestar method includes not only work done specifically by attorneys, but also by paralegals and other legal personnel. *See Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *U.S. Football League v. Nat'l Football League,* 887 F.2d 408, 416 (2d Cir.1989).

*Hourly Rates*

■ In its two page memorandum in opposition to the assessment of fees, Farstad does not take issue with the hourly rates of PMI's attorneys. Marinelli's hourly rate of $300 is reasonable when compared to other attorneys in the community with similar experience. *See, e.g., Yurman Designs, Inc. v. PAJ, Inc.,* 125 F.Supp.2d 54, 58 (S.D.N.Y.2000) (Sweet, J.) (approving $520.69 per hour for partner in complicated intellectual property case); *Marisol A. v. Giuliani,* 111 F.Supp.2d 381, 386 (S.D.N.Y.2000) (Ward, J.) (awarding $300 for attorneys with ten to fifteen years experience in civil rights suit). While Morris's rate of $200 per hour seems high for a first year associate, it is not unprecedented for a large New York law firm. *See, e.g., Samborski v. Linear Abatement Corp.,* No. 96 Civ. 1405(DC), 1999 WL 739543, *1 (S.D.N.Y. Sept.22, 1999) (Chin, J.) ($175 for associate); *Berlinsky v. Alcatel Alsthom Compagnie,* 970 F.Supp. 348, 351 (S.D.N.Y.1997) (Motley, J.) ($225 for a junior associate). Furthermore, she seems to have played an integral role in the prosecution of this matter, billing nearly two thirds of the total hours. That level of involvement justifies her higher hourly rate. *See, Soberman v. Groff Studios Corp.,* 99 Civ. 1005(DLC), 2000 WL 1010288, *5 (S.D.N.Y. July 21, 2000) (Cote, J.).[2]

■ The hourly rate of $180 for Antonecchia, however, is excessive. Antonecchia had not yet been admitted to the Bar of the State of New York when he worked on the case. Furthermore, based upon the description contained in the contemporaneous time records, his work could have been satisfactorily performed by a well trained paralegal. The paralegal who worked on this case, Karpf, billed at a rate of $115 per hour. Farstad complains that this amount is excessive. The court agrees. While such an amount is not unprecedented, *see, e.g., National Helicopter Corp. of Am. v. City of New York,* 96 Civ. 3574(SS), 1999 WL 562031, *6 (S.D.N.Y. July 30, 1999) (Sotomayor, J.) (finding a rate of $105 per hour "reasonable and appropriate"), most courts in this district that have addressed this question recently have awarded less. *See, e.g., Marisol A.,* 111 F.Supp.2d at 389 (awarding paralegal at large Manhattan law firm with six years of experience $75 per hour); *Soberman,* 2000 WL 1010288, *5 ($75 per hour); *Samborski,* 1999 WL 739543, *1 ($75 per hour). PMI has not presented any evidence regarding the exceptional qualifications of, or work performed by, either Karpf or Antonecchia which would warrant an award at the higher end of the pay scale. Accordingly, PMI is entitled to compensation in

---

**2.** The court notes that, based upon the invoices submitted by PMI's counsel, PMI was billed for Marinelli's and Morris's work during the month of October, 2000, at a rate of $265.38 and $153.28 per hour, respectively. Obviously, Farstad will only be liable for reimbursement at this same reduced rate for the work done during this period.

the amount of $75 per hour for the work done by both Karpf and Antonecchia.

■ Finally, with regard to the work performed by Wills and Green, defendants have failed to justify the disparate hourly rates between the two ($35 and $65 per hour respectively). The work done by both men required roughly the same level of skill. The court therefore orders that PMI be compensated at a rate of $35 per hour for the work of both Wills and Green.

*Number of Hours Worked*

■ Farstad complains that the number of hours worked by PMI's counsel is excessive because the matters of law involved in this case were, for the most part, elementary. The petition to confirm was brought pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201, *et seq.* Discerning the law applicable to the Convention—specifically how an arbitration award may be vacated—is a somewhat complicated endeavor. The court's role is not to determine whether the number of hours worked by PMI's attorneys represents the most efficient use of resources, but rather whether the number is reasonable. The work performed by counsel for PMI was relevant and productive, and not duplicative. PMI is entitled to reimbursement for all of the hours that its attorneys and their staff worked in prosecuting this petition.

The court has also reviewed the miscellaneous costs and expenses incurred by PMI in confirming the arbitration award. These costs are reasonable and PMI is entitled to reimbursement for them.

*Total Amount Owed for Costs and Fees*

Farstad is ordered to pay PMI $20,335.11 to compensate PMI for its costs and fees incurred in prosecuting this matter. Below is a table which itemizes this amount.

| Individual | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Marisa Marinelli | 5.8 | $300 | $ 1740.00 |
| | 21.5 | $265.38 | $ 5705.67 |
| Francesca Morris | 30.7 | $200 | $ 6140.00 |
| | 19.9 | $153.28 | $ 3050.27 |
| Marc Antonecchia | 2 | $ 75 | $ 150.00 |
| Wallis Karpf | 1.5 | $ 75 | $ 112.50 |
| Jerome Wills | 0.6 | $ 35 | $ 21.00 |
| Rudy Green | 0.8 | $ 35 | $ 28.00 |
| | | COSTS: | $ 3387.67 |
| | | TOTAL: | $20,335.11 |

*Interest*

The court ordered that Farstad pay interest on the awarded amount of $628,515.78 calculated from June 22, 2000 (the date the award was due) until the

award is finally paid. The interest rate for the relevant period, in accordance with 28 U.S.C. § 1961, is apparently 6.052%. Counsel for PMI shall calculate the amount of interest which is due (based upon a rate of 6.052%) when payment is finally made by Farstad. It is the court's sincere hope that, now that the interest rate has been established, the calculation of interest is a mathematical exercise which will not produce disagreement among the parties. If, however, there is a dispute with regard to the amount of interest, the parties may submit letters to the court (on notice to one another) explaining the disagreement.

## CONCLUSION

In accordance with the court's earlier order, Farstad shall pay PMI $628,515.78 plus interest. The interest shall be calculated at a rate of 6.052% from June 22, 2000 until the date when payment is made. Farstad is still obligated to reimburse PMI for $2500 in administrative fees, as previously ordered. In addition, Farstad shall pay $20,335.11 to compensate PMI for its costs and fees incurred in bringing this petition to confirm arbitration.

**IT IS SO ORDERED.**