KEARSE, Circuit Judge:
 

 Plaintiff Robert Orchano appeals from so much of a supplemental judgment of the United States District Court for the District of Connecticut, Alfred V. Covello,
 
 Judge,
 
 as ordered defendant Bank of New Haven (the “Bank”) to pay him only $6,000 in attorneys’ fees and expenses in connection with his successful suit under 42 U.S.C. § 1983 (1994) for violation of his right to due process and under state law for debt collection by means of abusive and deceptive conduct. On appeal, Orchano, who recovered a total of $10,-500 in compensatory and punitive damages against the Bank and sought an award of $37,020.88 for fees and expenses, contends principally that the district court erred in calculating the fee without reference to a lodestar figure and in providing no adequate explanation for its award of no more than $6,000. We agree, and we therefore vacate the supplemental judgment and remand for reconsideration and appropriate findings.
 

 I. BACKGROUND
 

 This suit was brought by Orchano in 1991 for the wrongful repossession of his ear. The original defendants were Advanced Recovery, Inc. (“Advanced Recovery”), a repos
 
 *-1480
 
 session company, and two local police officers who had assisted in the repossession. Or-chano alleged that they violated his right to due process, as well as his rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692
 
 et seq.
 
 (1994), and various provisions of Connecticut law. Thereafter, the Bank was brought in as a third-party defendant by Advanced Recovery, which alleged that it had an indemnity agreement with the Bank; and in early 1993, Orchano filed an amended complaint (“complaint”) asserting that the Bank was liable to him directly for the due process and state-law violations because Advanced Recovery had seized the car acting on instructions from the Bank. Orchano alleged that defendants had peremptorily seized his car claiming a default in loan payments when, in fact, as defendants were aware, Orchano’s credit disability insurance payer was making payments on the loan. The complaint requested that the court award Orcha-no actual, statutory, and punitive damages in unspecified amounts.
 

 In 1994, Orchano reached a settlement with the police officers, and a default was entered against Advanced Recovery. Following pretrial discovery and several unsuccessful motions by the Bank to dismiss Or-ehano’s complaint,- a jury trial was held on September 29 and 30 on Orchano’s claims against the Bank and on the damages recoverable against Advanced Recovery. The jury returned a verdict in favor of Orchano, finding that the Bank had violated his rights under the Constitution and under state law. In its special verdict, the jury found that the Bank had deprived Orchano of due process, had done so while acting under color of state law, and had acted in reckless disregard of Orchano’s due process rights; on this constitutional claim, the jury awarded Orchano $500 in compensatory damages and $7,000 in punitive damages. On the state-law claims, the jury found that the Bank had engaged in harassing or abusive conduct and had used fraudulent, deceptive, or misleading practices in connection with the collection of Orchano’s debt; on this claim, the jury awarded Orcha-no $3,000 in compensatory damages. In addition, the jury determined that the amount of damages Orchano should recover from Advanced Recovery was $5,000.
 

 Following the entry of judgment on the jury’s verdict, Orchano applied, as a prevailing plaintiff on his claims under § 1983 and state law, for an award of attorneys’ fees in the amount of $36,200, plus $820.88 in expenses, for a total of $37,020.88. In support of the fee application, Orchano submitted affidavits from his two single-practitioner attorneys describing their professional experience and normal hourly rates and detailing the time each had spent on specified tasks related to Orehano’s case. The $36,200 fee request was calculated by multiplying the time the attorneys spent on the case, a total of 181 hours, by their standard rates, $200 per hour. The Bank opposed the application, contending,
 
 inter alia,
 
 that both the requested hourly rate and the hours expended were excessive and that reasonable fees would be $9,250.
 

 In a ruling dated' March 19, 1996 (“First Fee Ruling”), the district court decided that Orchano was entitled to fees and expenses totaling only $6,000. The court described the relevant standard as follows:
 

 A reasonable attorney’s fee is one that is “adequate to attract competent counsel, but ... [does] not produce[ ] windfalls to attorneys.”.
 
 Blum v. [Stenson],
 
 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). “The district court also should exclude from this initial fee calculation hours that were not ‘reasonably expended.’ ”
 
 Hensley v. Eckerhart,
 
 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40, 76 L.Ed.2d 40 (1983). “Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary....”
 
 Id.
 

 The court has also considered other factors that may aid a court in determining a reasonable attorney’s fee. “The product of reasonable hours times a reasonable rate does not end the inquiry. There remain[ ] other considerations that may lead the district court to adjust the fee upward or downward....”
 
 Hensley v. Eckerhart,
 
 461 U.S. 424, 434, 103 S.Ct. 1933 [1940], 76 L.Ed.2d 40 (1983). “Indeed, the most critical factor in determining the reasonable
 
 *-1479
 
 ness of a fee award is the degree of success obtained.”
 
 Farrar v. Hobby,
 
 [506] U.S. [103, 114, 113 S.Ct. 566, 574, 121 L.Ed.2d 494] ... (1992)...“[A] district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought. Such a comparison promotes the court’s ‘central’ responsibility to make the assessment of what is a reasonable fee under the circumstances of the ease.”
 
 Farrar,
 
 [506] U.S. [at 114-15], 113 S.Ct. at 575 (citations omitted; internal quotations omitted). “Having considered the amount and the nature of the damages awarded, the court may lawfully award a low fee or no fee without reciting the 12 factors bearing on ... reasonableness.”
 
 Id.
 

 First Fee Ruling at 4-5 (footnote omitted). The district court listed the 12
 
 Hensley v. Eckerhart
 
 factors as follows:
 

 (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the “undesirability” of the ease; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
 

 Id.
 
 at 5 n. 1 (citing
 
 Hensley v. Eckerhart,
 
 461 U.S. at 430 n. 3, 103 S.Ct. at 1937 n. 3). The district court stated that, “[i]n light of these factors the court concludes that ... reasonable and just attorneys’ fees and expenses are awarded in the amount of $6,000.” First Fee Ruling at 5-6.
 

 Orchano moved for reconsideration, contending that the $5,179.12 fee portion of the $6,000 awarded by the district court ($6,000 minus $820.88 for expenses) was unjustifiably low in light of the importance of the constitutional rights vindicated in the action and the reasonableness of the attorneys’ rates and hours. He also pointed out that the court had not specified which of the factors it enumerated had actually led to the reduction and had not explained its reasoning. In a ruling dated May 15,1996 (“Second Fee Ruling”), the court granted Orchano’s motion to reconsider, but reaffirmed its decision to award fees and costs totaling $6,000. The court stated:
 

 In addition to considering the degree of success obtained, the court has considered the twelve factors enumerated in
 
 Hensley ...
 
 and finds the following to militate in favor of the court’s $6,000 award: (1) the time and labor required for this type of litigation; (2) the novelty and difficulty of this type of case; (3) the skill requisite to perform the legal service properly for this type of case; (5)
 
 [sic
 
 ] the experience, reputation, and ability of the attorneys; and (6) awards in similar cases.
 

 Second Fee Ruling at 2.
 

 The supplemental judgment was entered awarding $6,000 in fees and expenses, and this appeal followed.
 

 II. DISCUSSION
 

 There is no dispute here that, under 42 U.S.C. § 1988 (1994), Orchano should recover reasonable attorneys’ fees. The legislative history of § 1988 makes clear that a plaintiff who has prevailed on a claim under § 1983 “should ordinarily recover an attorney’s fee unless special circumstances would render such an award unjust.” S.Rep. No. 94-1011, at 4 (1976),
 
 reprinted in
 
 1976 U.S.C.C.A.N. 5908, 5912 (internal quotation marks omitted). “The function of an award of attorney’s fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.”
 
 Kerr v. Quinn,
 
 692 F.2d 875, 877 (2d Cir.1982). What is at issue here is the district court’s ruling that fees in excess of $5,179.12 would be unreasonable. For the reasons that follow, we conclude that the court has not made sufficient findings to permit us to infer that it conducted its analysis properly.
 

 In
 
 Hensley v. Eckerhart,
 
 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)
 
 *-1478
 

 (“Hensley
 
 ”), the Supreme Court set out the general approach that district courts should follow in determining what amount constitutes a “reasonable” fee within the meaning of § 1988 and other federal fee-shifting statutes:
 

 The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer’s services.
 

 461 U.S. at 433, 103 S.Ct. at, 1939. Calculation of this basis, generally referred to as the “lodestar,” see,
 
 e.g., Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air,
 
 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986), requires the court to determine the number of hours reasonably spent on the litigation and to exclude hours that “[we]re excessive, redundant, or otherwise unnecessary” due to, for example, “over-staff[ing],”
 
 Hensley,
 
 461 U.S. at 434, 103 S.Ct. at 1939-40. Calculation of the lodestar also requires the court to determine the “prevailing market rates” for the type of services rendered,
 
 Blum v. Stenson,
 
 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984),
 
 i.e.,
 
 the “fees that would be charged for similar work by attorneys of like skill in the area,”
 
 Cohen v. West Haven Board of Police Commissioners,
 
 638 F.2d 496, 506 (2d Cir.1980);
 
 see generally In re Continental Illinois Securities Litigation,
 
 962 F.2d 566, 568 (7th Cir.1992) (district court must “determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order”). In order to provide a suitable frame of reference for the court’s ultimate conclusions as to a reasonable fee, the district “court must calculate a lodestar figure based upon the hours reasonably spent by counsel ... multiplied by the reasonable hourly rate.”
 
 Cruz v. Local Union Number 3 of the International Brotherhood of Electrical Workers,
 
 34 F.3d 1148, 1159 (2d Cir.1994) (internal quotation marks omitted);
 
 see Cohen v. West Haven Board of Police Commissioners,
 
 638 F.2d at 505 (“First, the [district] court should establish a ‘lodestar’ figure_”);
 
 see also Public Interest Research Group of New Jersey, Inc. v. Windall,
 
 51 F.3d 1179, 1190 (3d Cir.1995) (“It is ... essential to calculate the lodestar before considering adjustments.”).
 

 After calculating the lodestar, the district court may consider other factors “that may lead [it] to adjust the fee upward or downward, including the important factor of the ‘results obtained,’ ”
 
 Hensley,
 
 461 U.S. at 434, 103 S.Ct. at 1940, as well as the 12
 
 Hensley
 
 factors,
 
 see id.
 
 at 430 n. 3, 434 n. 9, 103 S.Ct. at 1937 n. 3, 1940 n. 9, enumerated by the district court in the present case,
 
 see
 
 Part I above. Although one of the
 
 Hensley
 
 factors is the amount involved in the suit, this does not mean that the fees awarded may not permissibly exceed the amount recovered. The reduction of a requested fee merely because the damages recovery was small is “error unless the size of the award is the result of the quality of representation,” for “tying that award to the amount of damages would subvert the statute’s goal of opening the court to all who have meritorious civil rights claims.”
 
 DiFilippo v. Morizio,
 
 759 F.2d 231, 235 (2d Cir.1985) (internal quotation marks omitted). “A presumptively correct ‘lodestar’ figure should not be reduced simply because a plaintiff recovered a low damage award,”
 
 Cowan v. Prudential Insurance Company of America,
 
 935 F.2d 522, 525 (2d Cir.1991), and a reasonable fee may well exceed the prevailing plaintiff’s recovery,
 
 see, e.g., City of Riverside v. Rivera,
 
 477 U.S. 561, 564-67, 106 S.Ct. 2686, 2689-91, 91 L.Ed.2d 466 (1986) (approving fee award of $245,456.25 after recovery of $33,350 on claims of warrantless entry and excessive force);
 
 Grant v. Bethlehem Steel Corp.,
 
 973 F.2d 96, 101-02 (2d Cir.1992) (approving fee award of $512,590.02 in employment discrimination class action settled for damages totaling $60,000),
 
 cert. denied,
 
 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993);
 
 Cowan v. Prudential Insurance Company of America,
 
 935 F.2d at 523, 528 (directing district court to award fees of $54,012.76 in employment discrimination case in which plaintiff recovered damages of $15,000);
 
 cf. United States Football League v. National Football League,
 
 887 F.2d 408, 415 (2d Cir.1989) (approving fee award of $5.5 million following antitrust plaintiffs recovery of three dollars
 
 *-1477
 
 in damages),
 
 cert. denied,
 
 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990).
 

 In light of the district court’s familiarity with the case, its award of attorneys’ fees is reviewed only for abuse of discretion.
 
 See, e.g., In re Bolar Pharmaceutical Co. Securities Litigation,
 
 966 F.2d 731, 732 (2d Cir.1992) (per curiam). However, reviewable for ‘“abuse of discretion’ is not the equivalent of ‘unreviewable,’ ”
 
 id.,
 
 and it is important that we “be informed by the record of why the district court acted as it did,”
 
 id.
 
 There is “[a] strong presumption that the lodestar figure ... represents a ‘reasonable’ fee,”
 
 Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air,
 
 478 U.S. at 565, 106 S.Ct. at 3098;
 
 accord Lunday v. City of Albany,
 
 42 F.3d 131, 134 (2d Cir.1994) (per curiam), for “[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation’s fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court,” S.Rep. No. 94 — 1011, at 2 (1976),
 
 reprinted in
 
 1976 U.S.C.C.A.N. 5908, 5910. Accordingly, “[w]henever the district court augments or reduces the lodestar figure it must state its reasons for doing so as specifically as possible,”
 
 DiFilippo v. Morizio,
 
 759 F.2d at 234;
 
 see Hensley,
 
 461 U.S. at 437, 103 S.Ct. at 1941 (district court should be sure to provide “a concise but clear explanation of its reasons for the fee award”);
 
 Cohen v. West Haven Board of Police Commissioners,
 
 638 F.2d at 505, for “[i]n the absence of such a statement, it will be difficult, if not impossible, for the reviewing court to determine whether the award was within the proper exercise of the district court’s discretion,”
 
 id.
 
 at 505-06. A recitation of the applicable factors or legal standard, standing alone, is normally not sufficient to permit appropriate appellate review. The court must inform the reviewing court as to how the standard has been applied to the facts as the court has found them. If the court fails to make findings and to give an explanation, and the reason for the court’s ruling is not clear to us, we will remand for findings and an explanation.
 

 In the present case, the district court did not make adequate findings to permit appropriate appellate review. First, it did not disclose what lodestar, if any, it calculated. It gave no indication of its estimate as to what hourly rate would normally be charged in the pertinent legal community for similar cases by attorneys whose training and experience approximated that of Orchano’s attorneys. Nor did it state its estimate as to how many hours were reasonably required for the prosecution of Orchano’s claims. Assuming that the court fully granted the request for reimbursement of expenses, totaling $820.88, its fee award was $5,179.12. At $200 per hour, this would constitute payment for less than 26 hours of work — an impossibly small amount of time for the prosecution of constitutional and state-law claims from complaint through discovery, motion practice, and a two-day trial. If the $5,179.12 was meant instead as compensation for all of the time spent, the award gave the attorneys less than $29 per hour. It is perhaps noteworthy that, however it may have been derived, the amount awarded by the court was less than the amount that even the Bank argued would be reasonable. More importantly, it is difficult to believe that an hourly rate of $29 would be “‘adequate to attract competent counsel,’” First Fee Ruling at 4 (quoting
 
 Blum v. Stenson,
 
 465 U.S. at 897, 104 S.Ct. at 1548).
 

 Further, although the district court articulated established standards for determining a reasonable fee, it made no findings of fact. None of the established factors highlighted in the district court’s Second Fee Ruling as “militating] in favor” of the drastically reduced fee awarded by the court, Second Fee Ruling at 2, is particularly helpful in the absence of findings. Indeed, some of the highlighted factors seem to conflict with one another. For example, the court stated that “the novelty and difficulty of this type of case,” the “time and labor required for this type of litigation,” and “the skill requisite to perform the legal service properly for this type of case” militated in favor of a reduced fee,
 
 id.,
 
 apparently suggesting that little expertise was needed. This seems at odds with the court’s additional mention of “the experi-
 
 *-1476
 
 enee, reputation, and ability of the attorneys,”
 
 id.,
 
 as warranting a lower fee.
 

 Further, although attorney experience, reputation, and ability were mentioned as militating in favor of the radically reduced fee, the court’s rulings contained no findings or observations in these areas with respect to either Orehano’s principal attorney or trial co-counsel, who, according to their affidavits had been practicing attorneys for approximately 30 and 19 years, respectively, were experienced in consumer/due process type litigation, and had served courts and bar groups in various advisory and educational capacities. Trial co-counsel stated,
 
 inter alia,
 
 that he had tried at least 75 jury cases to completion and at least as many nonjury cases. Orchano’s principal counsel, with 30 years’ experience, listed eight federal district court eases in Connecticut in 1993 and 1994 alone in which she had represented a prevailing plaintiff who was awarded fees at the rate of $200 per hour for her services.
 

 Similarly, though the court mentioned “the time and labor required,” Second Fee Ruling at 2, and the need to deny compensation for “hours that were not reasonably expended,” First Fee Ruling at 4, it made no findings that any of the hours shown in the time sheets appended to the attorneys’ affidavits were excessive, redundant, or otherwise unnecessary. Indeed, even if the court concluded that some of the time shown was not reasonably spent, it would appear that at least a substantial majority of the 181 hours spent were reasonable and necessary. For example, Orehano’s principal attorney did research, wrote briefs and memoranda, conducted pretrial discovery, made and defended several motions relating to discovery, and attended court conferences. That attorney, along with Orchano’s second attorney (who was engaged just one day before jury selection and hence could hardly have rendered pretrial service that was duplicative), prepared for trial, selected a jury, and thereafter conducted the two-day trial. In addition, Orchano’s principal attorney was forced to fend off repeated motions by the Bank to dismiss: Shortly after the Bank became a defendant, it moved to dismiss the complaint for failure to state a claim; a month before trial, it moved for summary judgment; on the day before trial, it moved for judgment as a matter of law. Orchano submitted memoranda in opposition to each motion, analyzing the authorities relied on by the Bank. All of the Bank’s motions were denied. The fee-shifting statutes’ goal of encouraging attorneys to provide representation in order to vindicate constitutional rights would surely be ill-served if a defendant could repeatedly force the plaintiffs attorney to expend time opposing meritless motions to dismiss without being compensated for that time. It would seem from the record that a substantial number of hours were reasonably spent. The district court’s general reference to time and labor required or reasonable time expenditures is not informative as to the court’s view as to how much, if any, of the time spent in the present case was unreasonable.
 

 Finally, although the district court stated that “ ‘the most critical factor in determining the reasonableness of a fee award is the degree of success obtained’ ” and “ ‘the amount of damages awarded as compared to the amount sought,’ ” First Fee Ruling at 5 (quoting
 
 Farrar v. Hobby,
 
 506 U.S. at 114, 113 S.Ct. at 574-75), and indicated that it had in fact “consider[ed] the degree of success obtained,” Second Fee Ruling at 2, the court provided no explanation as to why Orchano’s success should be viewed as less than 100%. The reference to
 
 Farrar v. Hobby
 
 is not illuminating, since that case involved a jury verdict awarding no relief except nominal damages of $1. We do not regard
 
 Farrar
 
 as altering the requirement that the district court calculate a lodestar and make findings explaining its adjustments to that figure where the jury has found that the plaintiff suffered actual injury and awarded him compensation for that injury. In some cases a comparison of the amount sought and the amount recovered may be difficult where, as here, the complaint requests damages in unspecified amounts. In the present case, however, it is clear from the jury’s verdict that Orchano prevailed on every claim he asserted. It is also a matter of record that on the due process claim the jury awarded Orchano punitive damages in an amount 14 times as great as the compensatory damages awarded on that claim. If the court concluded that
 
 *-1475
 
 Orchano’s recovery fell short of his requests, it did not explain the basis for such a conelusion.
 

 CONCLUSION
 

 We have considered all of the Bank’s contentions on this appeal in support of the district court’s fee award and have found no basis on which the award can be sustained. For the foregoing reasons, we vacate the supplemental judgment and remand for findings of fact and a determination of reasonable attorneys’ fees to be awarded to Orchano in light of the principles discussed in this opinion. The court should bear in mind that some of the 12
 
 Hensley
 
 factors will have been largely taken into account in calculating the lodestar figure, which encompasses both the number of hours reasonably expended and the reasonable hourly rate charged by attorneys of similar skill, reputation, and experience, and that those factors should not occasion a duplicative adjustment to the lodestar.
 
 See Hensley,
 
 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.
 

 In addition, Orchano is entitled to recover a reasonable fee in connection with this appeal.
 
 See, e.g., Cohen v. West Haven Board of Police Commissioners,
 
 638 F.2d at 506. On remand, the district court should determine the amount of that fee as well.
 

 Costs to plaintiff.