Matthew PEACOCK, Timothy Nolan and John Doherty, a minor, by his father and natural guardian, Patrick Doherty, Plaintiffs

v.

Police Officers Steven SCHWARTZ, Shield no. 1839, Individually and as an Officer attached to the Nassau County Police Department,. Officer Regina Bilello, Shield no.2037, Individually and as an Officer attached to the Nassau County Police Department, Police Officer John Gross, Shield no. 2246, Individually and as an Officer attached to the Nassau County Police Department, the Nassau County Police Department, the County of Nassau, Defendants.

No. CV 00–1816.

United States District Court, E.D. New York.

Aug. 14, 2001.

Law Offices of Steven Civardi, by Steven Civardi, Rockville Centre, NY, for Plaintiffs.

Friedman & Harfenist, by Richard Obiol, Lake Success, NY, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this civil rights case, Plaintiffs alleged, *inter alia,* that they were subject to an unreasonable search in violation of the Fourth Amendment to the United States Constitution. The case was tried before a jury that rendered a verdict in Plaintiffs' favor. That verdict awarded each of the three plaintiffs $440 in compensatory damages against one of the defendant police officers.

Presently before the court is plaintiffs' counsel's timely application for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 ("Section 1988"). Defendants oppose the award on the grounds that: (1) plaintiffs are not prevailing parties within the meaning of Section 1988 and (2) if awarded, the request for fees is excessive.

The court disagrees with the former argument and agrees, to the limited extent set forth herein, with the latter.

## DISCUSSION

### I. *General Principles*

A prevailing party in a civil rights case is entitled to recover a reasonable attorney's fee. 42 U.S.C. § 1988. A party will be deemed to have prevailed in a lawsuit if he has obtained "at least some relief on the merits of his claim," that "directly benefit[s] him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The amount to be awarded is left to the discretion of the trial court.

The starting point for calculation of the fee is arriving at the lodestar amount. That amount is the amount of hours claimed to have been spent on the matter, multiplied by a reasonable hourly fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). When determining the proper hourly fee, the court looks to the prevailing market rate that would be charged for similar work by attorneys of like skill in the area. *Cohen v. West Haven Board of Police Commissioners*, 638 F.2d 496, 506 (2d Cir.1980). Once the proper lodestar fee is calculated, the court may consider other factors that may adjust the lodestar—either upward or downward. The district court must exclude "excessive, redundant or otherwise unnecessary hours, as well as hours spent on unsuccessful claims." *Id.* at 440, 103 S.Ct. 1933.

An attorney is not automatically entitled to the lodestar amount as the "reasonable" attorney's fee. Instead, the court must consider several factors including: (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. 1933, quoting *Johnson v.. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974).

When considering these factors, the degree of success obtained is the most critical factor to consider. *Hensley*, 461 U.S. at 424, 103 S.Ct. 1933. Where a plaintiff achieves only partial or limited success, the lodestar amount may be excessive. *Id.* at 436, 103 S.Ct. 1933. If a plaintiff receives only a nominal damage award, an award of fees may be denied completely, despite the plaintiff's status as a technically "prevailing" party. *Farrar*, 506 U.S. at 115, 113 S.Ct. 566; *Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir.1996). However, even if a nominal award is obtained, an award of fees may nonetheless be appropriate. When considering whether a fee is to be awarded, the court considers not only the amount of the award but other factors including whether the lawsuit established a new rule of liability as well as the public interest in encouraging injured parties to vindicate their civil rights through a lawsuit. *See Anderson v. City of New York*, 132 F.Supp.2d 239, 242–43 (S.D.N.Y.2001).

The mere fact that the fee sought exceeds the plaintiff's recovery does not preclude an award based upon the lodestar calculation. *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 98 (2d Cir.1997).

Indeed, there are numerous cases awarding attorneys' fees well in excess of the damages awarded. *See, e.g., City of Riverside v. Rivera,* 477 U.S. 561, 564–67, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (approving attorneys' fee award of $245,456.25 following damages verdict of $33,350); *Grant v. Bethlehem Steel Corp.,* 973 F.2d 96, 101–02 (2d Cir.1992) (fee award of $245,456.25 after $60,000 settlement), *cert. denied,* 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993); *Cowan v. Prudential Ins. Co.,* 935 F.2d 522, 528 (2d Cir.1991) (fees of $54,012.76 in case awarding damages of $15,000); *Foster v. Kings Park Central School District,* 174 F.R.D. 19, 25 (E.D.N.Y.1997) (referring to case where $51,000 in attorneys' fees was awarded following a jury verdict of $15,440). "The reduction of a requested fee merely because the damages recovery was small is 'error unless the size of the award is the result of the quality of representation.'" *Orchano,* 107 F.3d at 98, quoting, *DiFilippo v. Morizio,* 759 F.2d 231, 235 (2d Cir. 1985).

## II. *Plaintiff's Counsels' Application*

Plaintiffs' counsel seeks an award of attorneys' fees in the total amount of $43,002.50. The fee schedule upon which this award is premised is based upon a fee of $19,705.00 for Steven Civardi, Esq. (56.3 hours times an hourly rate of $350) and $ 21, 925.00 for Richard Obiol, Esq., the attorney who tried the case (87.7 hours times an hourly rate of $250). Counsel also seek reimbursement of expenses in the amount of $1,372.50.

## III. *Decision on the Motion*

■ Upon consideration of the standards referred to above the court holds that plaintiffs are prevailing parties within the meaning of Section 1988 and are therefore entitled to an award of a reasonable attorney fee.

■ Having made this determination, the court considers the proper lodestar figure and any appropriate adjustments thereto. The court holds that, when considering the prevailing market rate for attorneys with like experience and skill of each of plaintiff's attorneys, each of these attorneys' hourly fees should be adjusted as follows: The court sets the fee for Mr. Civardi at $250 per hour. The court sets the fee for Mr. Obiol at $200 per hour. The fee for Mr. Obiol is lowered because he has less experience than Mr. Civardi and this case was Mr. Obiol's first civil rights trial.

■ The court has reviewed the billing summary submitted, finds those hours reasonable and declines defendants' invitation to rule that any hours submitted were not necessary. The court also declines, in this matter, to reduce the fee requested based upon the pursuit of unsuccessful claims. The unsuccessful claims shared a common core of facts with the successful claim and were therefore so inextricably intertwined with each other as to make a reduction in fees on this basis unjust. *See Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183 (2d Cir.1996). Finally, the court holds that counsel may recover all expenses sought to be reimbursed.

## CONCLUSION

Plaintiff's motion for an award of attorneys' fees is granted. Counsel for plaintiff is to submit an order in accord with the rulings herein.

SO ORDERED.