**Ray GREEN, Plaintiff–Appellant,**

v.

**Eric C. TORRES, (shield no. 19757), individually and as a New York City Police Officer, John Does, (shield nos. unknown), individually and as New**

York City Police Officer, Brian Potter, (shield no. 25851), individually and as a New York City Police Officer, Steven Santiago, (shield no. 5866), individually and as a New York City Police Officer, Richard Goudas (shield no. 15640), individually and as a New York City Police Officer, Kenneth McNamee, (shield no. 13413) and City of New York, a Municipal Corporation, Defendants–Appellees.

Docket No. 02–7658.

United States Court of Appeals, Second Circuit.

March 7, 2003.

Robert Herbst, Beldock Levine & Hoffman, LLP, New York, N.Y. (Herbert Ei-senberg, Eisenberg & Schnell, New York, NY, on the brief), for Appellant.

Mordecai Newman, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Larry A. Sonnenshein, Assistant Corporation Counsel, on the brief), New York, NY, for Appellees.

Anne Golden, for The National Employment Lawyers Association, New York, NY, submitting a brief on behalf of: The New York Policing Roundtable; The New York Civil Liberties Union; The Puerto Rican Legal Defense and Education Fund; The Urban Justice Center; The Center for Constitutional Rights; and The Neighborhood Defender Service of Harlem, as Amici for Appellant.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the final order of the District Court awarding plaintiff-appellant attorneys' fees in the amount $147,176.66 is hereby VACATED, and the case is hereby REMANDED to the District Court for reconsideration.

Plaintiff–Appellant Ray Green ("Green") appeals from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) awarding Green attorneys' fees in the amount of $147,176.66 under 42 U.S.C. § 1988. Green argues that the District Court improperly imposed a further across-the-board reduction of 50%, after calculating the baseline lodestar figure, to account for Green's "degree of success" in his underlying civil rights lawsuit. Although Green voluntarily withdrew some claims prior to trial and failed to prevail on all of his

claims at trial, he did succeed on his false arrest and abuse of process claims against defendants Eric C. Torres and the City of New York and was awarded $50,000 in compensatory damages as well as $8,508 in punitive damages. In light of the jury verdict in his favor, Green contends that the District Court's 50% reduction in fees was improper.

We review a district court's award of attorneys' fees under a deferential abuse of discretion standard due to the district court's "superior understanding of the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Given the limited scope of appellate review, it is important that the district court provide a clear explanation for the fee award – especially when the district court chooses to award reduced fees. *See Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 99 (2d Cir.1997).

In this case, the District Court cited the "degree of success" obtained by Green as the sole factor for the substantial reduction in fees—specifically noting that Green initially asserted nine causes of action against six defendants, yet only prevailed on two claims against two defendants, obtaining a "modest" recovery. Thus, in determining the fee, the District Court raised concerns relating to Green's unsuccessful claims as well as his failure to obtain the full amount of damages requested. These are certainly legitimate factors that may be taken into consideration in crafting the appropriate fee award.

As we have previously indicated, "[t]he most important factor in determining a reasonable fee for a prevailing plaintiff is 'the degree of success obtained.'" *Le-Blanc–Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir.1998) (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir.1996)). The degree of success inquiry enters into the fee analysis in two separate ways, as part of the initial lodestar calculation as well as part of the broader determination as to whether the plaintiff achieved "a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434.

"In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude ... hours dedicated to *severable* unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). The question of severability is key: "when a plaintiff has achieved substantial success in the litigation, but has prevailed on fewer than all of his claims, the most important question in determining a reasonable fee is whether the failed claim was intertwined with the claims on which he succeeded." *LeBlanc–Sternberg*, 143 F.3d at 762. Because civil rights litigants may pursue alternative grounds for recovery, the fee award should not be automatically reduced because the plaintiff fails to prevail on every claim. *See Hensley*, 461 U.S. at 435. Fees may be awarded for unsuccessful as well as successful claims where the claims "are inextricably intertwined and involve a common core of facts or are based on related legal theories." *Quaratino*, 166 F.3d at 425 (internal quotation marks omitted).

After this initial screening, there is a strong presumption that the resulting lodestar figure represents a reasonable fee. *See id.* However, the district court retains discretion to reduce the fee award to account for the plaintiff's limited success. *See Hensley*, 461 U.S. at 436 (if "a plaintiff has achieved only partial or limited success, the [lodestar] ... may be an excessive amount"). However, in recognition of the policies underlying fee-shifting in civil rights litigation, this Court has squarely rejected a *per se* rule of proportionality that would tie the fee award to the amount of damages actually recovered

without regard for the important public interest served by civil rights litigation. *See Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir.1992); *Orchano*, 107 F.3d at 98–99.

In this case, the District Court's articulated reasons for reducing Green's fees by 50% are not sufficiently developed to permit meaningful review. Nor does our review of the record make clear the basis for the reduction. *See Seitzman v. Sun Life Assur. Co. of Can., Inc.*, 311 F.3d 477, 487–88 (2d Cir.2002). Although it mentioned Green's failure to prevail on all claims, the District Court made no findings as to whether the unsuccessful claims were related to the successful claims. Furthermore, the District Court's citation to *Quaratino v. Tiffany & Co.*, 948 F.Supp. 332 (S.D.N.Y.1996) does not clarify its underlying rationale for the fee reduction. *Quaratino* was not a "degree of success" case and instead adopted a "billing judgment" approach that was subsequently rejected by this Court on appeal. *See Quaratino*, 166 F.3d at 425–27.

We note that the District Court's fees order is otherwise quite thorough and detailed and that the District Court referred to the relevant standard. However, without a clear explanation for a district court's fees adjustment, "it will be difficult if not impossible for the reviewing court to determine whether the award was within the proper exercise of the district court's discretion." *Orchano*, 107 F.3d at 99.

Because the reason for the District Court's reduction in fees requires further explanation, we accordingly VACATE the fee award and REMAND to the able District Court for further findings and clarification as to the specific basis for the 50% fee reduction, following the procedure set forth in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). The mandate shall issue forthwith, and any party seeking appellate review of the decision on remand shall so inform the Clerk of Court within 30 days of that decision. Jurisdiction will then be automatically restored to this court without the need for an additional notice of appeal, and the matter will be referred to this panel for disposition.