Ray GREEN, Plaintiff–Appellant,

v.

Eric C. TORRES, (shield no. 19757), individually and as a New York City Police Officer, John Does, (shield nos. unknown), individually and as New York City Police Officer, Brian Potter, (shield no. 25851), individually and as a New York City Police Officer, Steven Santiago, (shield no. 5866), individually and as a New York City Police Officer, Richard Goudas (shield no. 15640), individually and as a New York City Police Officer, Kenneth McNamee, (shield no. 13413) and City of New York, a Municipal Corporation, Defendants–Appellees.

Docket No. 02–7658.

United States Court of Appeals, Second Circuit.

Argued: Feb. 24, 2003.

Decided: March 11, 2004.

Robert Herbst, Beldock Levine & Hoffman, New York, NY, for Plaintiff–Appellant.

Mordecai Newman, Assistant Corporation Counsel (Larry Sonnenshein, of counsel, and Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), New York, NY, for Defendants–Appellees.

Before: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

PER CURIAM.

This appeal of attorney's fees comes before us for a second time, following an initial remand to the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) for further findings supporting the District Court's fifty percent fee reduction. *See Green v. Torres*, 59 Fed. Appx. 400 (2d Cir.2003); *see generally United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994) (concluding that the court may remand for supplementation of the record). Upon remand, the District Court reconsidered its prior ruling, determining that only a twenty percent fee reduction was warranted to account for the plaintiff's limited success. *See Green v. Torres*, 290 F.Supp.2d 427, 431 (S.D.N.Y. 2003). Because we conclude that the fee reduction was within the District Court's discretion, we affirm.

### Background

The underlying claims in this case all stem from plaintiff's January 3, 1998 arrest in the lobby of his apartment building on charges of trespass, marijuana possession, and violation of the open container law. Although the criminal charges were eventually dismissed, plaintiff was temporarily suspended from his job with the New York Transit Authority. Alleging that his arrest was unlawful, plaintiff filed suit against five New York City police officers and the City itself asserting nine separate federal civil rights and related state law claims.

Plaintiff voluntarily withdrew five of these claims (including his claims for excessive force, § 1985 conspiracy, prima facie tort, infliction of emotional distress, and *Monell* liability) approximately one week prior to trial. *See Green,* 290 F.Supp.2d at 428–29. In addition, plaintiff voluntarily dropped all claims against two defendants, Officers Godas and McNamee. Ultimately, plaintiff chose to submit only four claims (for false arrest, malicious prosecution, abuse of process, and battery) to the jury. The jury returned with a verdict for the plaintiff, finding one defendant, Detective Torres, liable for false arrest and abuse of process. The City was also held vicariously liable. *See id.* After a separate trial on damages, the jury awarded plaintiff $50,000 in compensatory damages and $8,508 in punitive damages. *See id.* at 430.

Plaintiff subsequently moved for an award of $274,485 in attorney's fees as a "prevailing party" under 42 U.S.C. § 1988(b). Citing the degree of success obtained by plaintiff, the District Court imposed an "across-the-board reduction of 50%" to make the fee award "more genuinely reflective" of the success actually achieved by plaintiff's counsel. *Green v. Torres,* No. 98 CIV. 8700, 2002 WL 922174, at *2 (S.D.N.Y. May 7, 2002). On appeal, we remanded to the District Court for further explanation of the reason for the fee reduction. *See Green,* 59 Fed.Appx. at 403.

In reconsidering the case on remand, the District Court specifically found that plaintiff had pursued "inflated claims ... to the eve of trial" and "that the only claims that were ever likely to prevail were those against Detective Torres for false arrest and abuse of process." *Green,* 290 F.Supp.2d at 428, 430. Balancing plaintiff's limited success against the public interest in deterring police misconduct, the District Court concluded that the baseline lodestar figure [1] should be reduced by only twenty percent. *See Green,* 290 F.Supp.2d at 430–31. Plaintiff again seeks review, arguing that in evaluating the degree of success, the District Court erred by counting claims that plaintiff voluntarily discontinued, imposing an impermissible "pleading judgment rule."

## Analysis

■■■ We review the District Court's award of attorney's fees under 42 U.S.C. § 1988(b) for abuse of discretion. *See Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 99 (2d Cir.1997). Section 1988(b) states that in federal civil rights actions, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." In determining what fees are reasonable, courts should generally follow the framework set forth by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under *Hensley,* "[t]he starting point for the determination of a reasonable fee is the calculation of the lodestar amount." *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir.1999). In fixing the lodestar the court may exclude any hours spent on severable unsuccessful claims. *See id.* But where, as in this case, the plaintiff's claims "involve a common core of facts or [are] based on related legal theories," *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933, and are therefore not severable, "[a]ttorney's fees may be awarded for unsuccessful claims as well as successful ones." [2] *Quaratino,* 166 F.3d at 425.

---

**1.** *See Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 98 (2d Cir.1997) (explaining that lodestar represents the number of hours reasonably spent by counsel multiplied by a reasonable hourly rate).

**2.** In support of a fee reduction, defendants focus on the different legal elements required

■ Although full fees may be awarded to a partially prevailing plaintiff when the underlying claims are intertwined, the court retains substantial discretion to take into account the specific procedural history and facts of each case. *See generally Hensley,* 461 U.S. at 435–37, 103 S.Ct. 1933. While "[t]here is ... a 'strong presumption' that the lodestar figure represents a reasonable fee," *Quaratino,* 166 F.3d at 425, we have also recognized that the degree of success obtained by the plaintiff is the most important factor in determining the appropriate fee award under § 1988(b). *See LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 760 (2d Cir.1998).

*Hensley* directs courts to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," 461 U.S. at 435, 103 S.Ct. 1933, and outlines a spectrum of potential outcomes: "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.* But *Hensley* also recognized that the full lodestar may constitute an "excessive" fee award where the "plaintiff has achieved only partial or limited success." *Id.* at 436. *Hensley* specifically noted that, "[t]his will be true even where the plaintiff's claims [are] interrelated, nonfrivolous, and raised in good faith," because "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill." *Id.*

■ Plaintiff argues that courts should be barred from measuring a party's degree of success based on claims that are voluntarily withdrawn. However, far from subjecting fee awards to such rigid criteria, *Hensley* warns that "[t]here is no precise rule or formula" for adjusting the lodestar to account for limited success. *Id.* As the Supreme Court explained, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436–37, 103 S.Ct. 1933. In light of the flexible approach approved by *Hensley,* we see no abuse of discretion in the District Court's decision to weigh the withdrawn claims in determining the appropriate fee award.

While the District Court made some comments in its decision that plaintiff submits indicate an impermissible departure from the *Hensley* framework, we do not agree with plaintiff's interpretation. Rather, we understand the District Court's remarks as a frank analysis of the challenges confronting a court when it conscientiously attempts to adjust the lodestar amount to account for limited success in a case where claims are not obviously severable. We emphasize that *Hensley* explicitly permits the type of fee reduction crafted by the District Court when a reduction is necessary to align the fee award with the plaintiff's degree of success. Moreover, in affirming the District Court, we specifically note that we are not endorsing a pleading judgment rule, or implying that fees may permissibly be reduced in every civil rights

for each of the different claims plaintiff pursued. However, *Hensley* recognizes that claims can be intertwined based on common facts as well as common legal theories. *See Hensley,* 461 U.S. at 435, 103 S.Ct. 1933; *see also Webb v. Sloan,* 330 F.3d 1158, 1169 (9th Cir.2003) (even without commonality of law, plaintiff's claims were related for the purpose of awarding fees where all of the plaintiff's "claims arose out of a common core of facts and a common course of conduct: [p]laintiff's arrest, detention, and prosecution").

case where the plaintiff voluntarily abandons claims prior to a decision on the merits.

■ The general purpose of fee-shifting statutes such as § 1988(b) is to permit plaintiffs with valid claims to attract effective legal representation and "thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole." *Quaratino,* 166 F.3d at 426. Accordingly, we do not interpret § 1988(b) as imposing more rigorous pleading requirements on civil rights plaintiffs at the risk of a later fee reduction. Indeed, *Hensley* explicitly confirms that civil rights plaintiffs may "in *good faith* ... raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.* at 435, 103 S.Ct. 1933 (emphasis added).

■ But in this case, plaintiff did more than simply *plead* alternative claims. The District Court specifically found that plaintiff continued to pursue claims that were later abandoned by asserting the claims in an amended complaint filed after the plaintiff had already obtained substantial discovery. *See Green,* 290 F.Supp.2d at 428–29. The District Court also found that plaintiff failed to submit any "material evidence" to support the five voluntarily withdrawn claims during the course of the litigation. *See id.* at 429. Under these circumstances, the District Court had discretion to take into account the fact that plaintiff pled "an overbroad case that he had no realistic expectation of ultimately proving" in measuring the plaintiff's degree of success and adjusting the lodestar to award a reasonable fee. *Id.* at 430. But while the voluntary dismissal or withdrawal of *inflated* claims may justify a fee reduction, the same will not be true of claims pursued in good faith, but later withdrawn for valid reasons, such as the discovery of additional evidence.

In this case, the District Court personally supervised all discovery and pre-trial proceedings. *See Green,* 290 F.Supp.2d at 429 n. 4. Given the District Court's familiarity with the case, and consideration of the relationship between the ultimately abandoned claims and the time expended by plaintiff's counsel in discovery, *see id.* at 429–430, we defer to the District Court's judgment that the overall fee award should be reduced by twenty percent to account for plaintiff's pursuit of inflated claims, to allow the fee award to accurately reflect the partial success obtained by the plaintiff. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933 (noting that limited review of fee awards is appropriate in light of the "district court's superior understanding of the [underlying] litigation and the desirability of avoiding frequent appellate review of ... essentially ... factual matters").

### Conclusion

For the reasons stated above, we AFFIRM the District Court's award of fees.