SUMMARY ORDER
Plaintiff-appellant Carol Konits appeals an order from the United States District Court for the Eastern District of New York (Wexler, J.), entered on August 18, 2008, awarding attorneys’ fees as a prevailing party pursuant to the Civil Rights *503 Attorney’s Fees Act of 1976, 42 U.S.C § 1988(b). We assume the parties’ familiarity with the facts, procedural background, and issues on appeal.
We review a district court’s award of attorneys’ fees for abuse of discretion. Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 102 (2d Cir.2009). “A district court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the record.” LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir.1998).
In a successful suit under 42 U.S.C. § 1983, “the court, in its discretion, may allow the prevailing party ... a reasonable attorney’s fee as part of the costs....” 42 U.S.C. § 1988(b)(2009). “[A] prevailing party is one who has favorably effected a material alteration of the legal relationship of the parties by court order.” Garcia, 561 F.3d at 102 (internal quotations omitted).
In determining reasonable attorneys’ fees, a district court must: (1) set a reasonable hourly rate, bearing in mind all of the case specific variables, and (2) use the reasonable hourly rate to calculate a “presumptively reasonable fee.” Arbor Hill Concerned Citizens Neighborhood Ass’n v. County of Albany, 522 F.3d 182, 190 (2d Cir.2008).
“[T]he most critical factor in a district court’s determination of what constitutes reasonable attorney’s fees in a given case is the degree of success obtained by the plaintiff.” Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir.2008) (citations and quotations omitted). “That the plaintiff is a ‘prevailing party’ therefore may say little about whether the expenditure of counsel’s time was reasonable in relation to the success achieved.” Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The district court must determine a reasonable hourly rate for plaintiff’s attorneys, defined by this Court as the rate that a paying client would be willing to pay. Arbor Hill, 522 F.3d at 190. A district court must consider the following factors enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (declining to limit fee award to amount stipulated in attorney-client agreement): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney’s customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the “undesirability” of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Johnson, 488 F.2d at 717-19. The court must also “bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.” Arbor Hill, 522 F.3d at 190. Finally, the district court must account for the reputational benefits that might accrue to attorneys associated with the case. Id.
The district court is required to present a “concise but clear” record for review by the appellate court. Hensley, 461 U.S. at 437, 103 S.Ct. 1933. “The court must inform the reviewing court as to how the [legal] standard has been applied to the facts as the court has found them. If the *504 court fails to make findings and to give an explanation, and the reason for the court’s ruling is not clear to us, we will remand for findings and an explanation.” Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 99 (2d Cir.1997).
Reduction Based on Limited Success[1]
The district court applied a one-third reduction in the hours before March 2, 2004, because “the equal protection and due process claims dismissed by Judge Platt ... are sufficiently separable from the First Amendment retaliation claim on which plaintiff prevailed.” “[T]he court may exclude any hours spent on severable unsuccessful claims.” Green v. Torres, 361 F.3d 96, 98 (2d Cir.2004) (per curiam). In this instance, however, the court did not provide a sufficient explanation for its finding that the claims are “sufficiently separable” so as to be a basis for reducing the attorneys’ fee award. For example, there is no indication of what separable hours were expended on the dismissed claims. Nor did the court explain its calculation of the one third reduction based on its conclusion that the claims were separable. Because we do not have such explanations to review, we cannot tell whether the court abused its discretion in reaching the determination to reduce by one third the attorney hours expended before March 2, 2004.
Next, the district court reduced the total attorneys’ fees by 25% because the plaintiff only succeeded against one of six defendants. The Ninth Circuit has found that when a plaintiff only prevails against one of many defendants, even when the claims against them are related, she has had limited success in a lawsuit. See Webb v. Sloan, 330 F.3d 1158, 1169-70 (9th Cir.2003); see also Torres, 361 F.3d at 96 (finding no abuse of discretion where attorney fees were reduced to reflect plaintiffs limited success where on “the eve of trial” plaintiff withdrew claims against several defendants). Here, discretionary reductions for limited success may be appropriate, but the district court did not provide an adequate explanation for the reductions, particularly in view of the judge’s comparatively limited involvement in the case which would reduce his exposure to counsel’s work over the full life of the litigation and thus inhibit his consideration of the Johnson factors. On the record before us we do not have information on how the court compensated for its lack of exposure to the full case and reached its determination with respect to the relevant Johnson factors so as to reduce the award by 25%. Thus, we are unable to review the district court’s analysis to determine whether there was an abuse of discretion.
Determination of Reasonable Fees
The district court awarded an hourly rate of $250 per hour for work performed before December 31, 2005, and $300 per hour for work performed after January 1, 2006. We find it impossible, however, to determine from the record what factors the district court considered in determining the reasonableness of those rates. The record reflects only a vague reference to “the approximate market rate for attorneys with like experience and skill ... [and] the nature and circumstances of this action.... ” Although these two rea *505 sons resemble two of the Johnson factors, on this record we cannot tell whether the district court ultimately applied the proper legal standard or whether it made an erroneous factual finding. The court made no reference to any specific Arbor Hill factors, nor did it explain why there was a discrepancy in rates allowed for hours billed before and after December 31, 2005.[2] That is, there is not a sufficient explanation for us to review whether the district court abused its discretion.
Accordingly, we vacate the judgment of the district court and remand this case for further explanation of (1) the basis for reduction of fees for “sufficiently separable” claims upon which plaintiff prevailed, (2) the basis for reduction of fees for plaintiffs limited success against one of several defendants, and (3) the rate applied in the fees calculation.
For the reasons discussed, the judgment of the district court is VACATED and REMANDED.

. The district court reduced attorneys' fees by 10% for vague billing entries, hours excessive to reasonable prosecution of the action, hours not reasonably related or necessary to the prosecution of the action, and hours billed at reduced rates for clerical and paralegal tasks. The appellants have not challenged this reduction on appeal, and we therefore do not disturb the lower court's ruling.

. We are particularly left uncertain by the selection of different rates for different time periods, which suggests the use of historic rather than current rates. See Fletcher, 143 F.3d at 764 ("[Cjurrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment.").