24-2061
*Franco v. Gunsalus*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-five.

PRESENT:    DENNIS JACOBS,
            DENNY CHIN,
            STEVEN J. MENASHI,
                    *Circuit Judges.*

_____

MARIO FRANCO,

       *Plaintiff-Appellant*,

     v.                                                No. 24-2061

POLICE OFFICER JOHN GUNSALUS, 0453, POLICE OFFICER SHAWN KELLY, 279, ALL SUED HEREIN IN THEIR CAPACITY AS INDIVIDUALS,

       *Defendants-Appellees*,

CITY OF SYRACUSE, POLICE OFFICER WILLIAM LASHOMB, POLICE OFFICER JOSEPH MAURO, 132, UNIDENTIFIED SYRACUSE POLICE OFFICERS, ALL SUED HEREIN IN THEIR CAPACITY AS INDIVIDUALS,

       *Defendants.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:   STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY.

*For Defendants-Appellees*:   MARY L. D'AGOSTINO (John G. Powers and Erica L. Masler, *on the brief*), Hancock Estabrook, LLP, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Mario Franco appeals from an order of the district court awarding him $141,305.25 in attorneys' fees and costs pursuant to 42 U.S.C. § 1988 following a civil rights trial against Syracuse police officers John Gunsalus and Shawn Kelly. In 2016, Franco filed an action pursuant to 42 U.S.C. § 1983 against the City of Syracuse and its police officers, including officers Gunsalus and Kelly, alleging violations of his constitutional rights following the dispersal of a July 4th block party in Syracuse, New York. The jury returned a verdict in favor of Franco, awarding him compensatory damages for excessive force, false arrest, and malicious prosecution. After a panel of this court affirmed the jury verdict in Franco's favor, Franco moved for attorneys' fees under § 1988. The district court granted the motion in part, reducing the overall fee award by twenty-five percent due to Franco's lack of success on certain claims and the size of the damages award compared to the amount sought in the complaint.

On appeal, Franco challenges the district court's decision to apply a uniform twenty-five-percent reduction to both pre-verdict and post-verdict attorneys' fees. He argues that the reduction should not apply to fees incurred in successfully defending the judgment against the officers' post-trial motions and on appeal. We

2

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I

"We review a district court's award of attorneys' fees under § 1988 for abuse of discretion, mindful that abuse of discretion—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163-64 (2d Cir. 2014) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012)); *see also Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019) ("As with all aspects of our fee-shifting jurisprudence, we afford district courts broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case.").

## II

Franco argues that the district court abused its discretion by applying a twenty-five-percent reduction to both pre-verdict and post-verdict attorneys' fees. We disagree.

"A prevailing § 1983 plaintiff is entitled to recover reasonable attorney's fees unless special circumstances would render such an award unjust." *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) (internal quotation marks omitted). "This principle applies not only to the cost of obtaining a favorable judgment but also to the cost of successfully defending that judgment, whether against postjudgment motions or against an appeal." *Id.* (citations omitted). However, when a plaintiff has achieved only partial or limited success, the district court has "substantial discretion" to adjust the fee award accordingly. *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004). "There is no precise rule or formula for making these determinations." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The district court may "identify

3

specific hours that should be eliminated" or "may simply reduce the award to account for the limited success." *Id.* at 436-37. To determine the appropriate fee award, "*Hensley* directs courts to 'focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Green*, 361 F.3d at 99 (quoting *Hensley*, 461 U.S. at 435).

In this case, the district court applied an across-the-board reduction of twenty-five percent of the fees to "adequately account for [Franco's] limited degree of success in this matter." *Franco v. Gunsalus*, No. 16-CV-634, 2023 WL 8106306, at *11 (N.D.N.Y. Oct. 20, 2023). The district court noted that although Franco sought $300,000 in compensation for his injuries against four identified and several unidentified police officers and a municipality, the jury ultimately awarded him $5,000 against one officer and $1 in nominal damages against another. We agree with the district court that "[t]here is no doubt that this award pales in comparison to the amount sought by [Franco] and is therefore a proper basis to reduce attorneys' fees." *Id.* (internal quotation marks and alteration omitted); *see Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) ("Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved.") (quoting *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)); *see also Green*, 361 F.3d at 99 ("*Hensley* explicitly permits the type of fee reduction crafted by the District Court when a reduction is necessary to align the fee award with the plaintiff's degree of success.").

While some district courts in this circuit have calculated fees with a method that distinguishes between trial and post-verdict work,[1] no applicable precedent mandates that approach. Rather, the Supreme Court has emphasized that district

---

[1] *See, e.g.*, *Legg v. Ulster County*, No. 09-CV-550, 2022 WL 2526250, at *4 (N.D.N.Y. June 17, 2022); *Monsour v. N.Y. State Off. for People with Developmental Disabilities*, No. 13-CV-336, 2018 WL 3349233, at *16 (N.D.N.Y. July 9, 2018); *Anderson v. County of Suffolk*, No. 09-CV-1913, 2016 WL 1444594, at *8-9 (E.D.N.Y. Apr. 11, 2016).

courts "should focus on the significance of the *overall* relief obtained by the plaintiff" throughout "the litigation *as a whole*." *Hensley*, 461 U.S. at 435-36 (emphasis added). The decision to "simply reduce the award" by a uniform percentage rather than separate the fee award into different phases of the case falls within the district court's discretion. *Id.* at 436-37; *see Green*, 361 F.3d at 100 ("[W]e defer to the District Court's judgment that the overall fee award should be reduced by twenty percent.").

*　　*　　*

We have considered Franco's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court