**Justine HINE, Plaintiff,**

v.

**Norman Y. MINETA, Secretary of Transportation, Defendant.**

**No. CV 00–6806(ADS).**

United States District Court, E.D. New York.

March 28, 2003.

Jeffrey B. Hulse, Esq., Hauppauge, NY, for the Plaintiff.

Roslynn Mauskopf, United States Attorney for the Eastern District of New York by Assistant United States Attorneys Susan L. Riley and Charles P. Kelly, Central Islip, NY, for the Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves claims of gender discrimination—hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964. After a three week trial, the jury rendered a verdict in favor of the plaintiff Justine Hine ("Hine" or the "plaintiff") on her Title VII gender discrimination—hostile work environment—supervisors cause of action. However, the jury found in favor of the defendant on the remaining two Title VII causes of action, namely (1) her gender discrimination-hostile work environment-co-workers claim and (2) her retaliation claim. With regard to damages, the jury awarded "zero" damages for: (1) emotional distress to the present date; (2) emotional distress in the future; and (3) net back wages. For the plaintiff's net loss of benefits from October 13, 1995 to the present date, the jury awarded her the sum of $58,625.86. Presently before the Court is a motion by the plaintiff for attorney's fees and costs pursuant to 42 U.S.C. § 2000e–5(k) and Rule 54(d) of the Federal Rules of Civil Procedure, respectively.

## I. ATTORNEY'S FEES

Title VII provides in pertinent part: "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . ." 42 U.S.C. § 2000e–5(k). In deciding whether to award attorney's fees, courts apply a two-step inquiry. *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir.1996) (citing *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 571–72, 121 L.Ed.2d 494 (1992)). "First, the party must be a 'prevailing party' in order to recover. If she is, then the requested fee must also be reasonable." *Id.* (citations omitted).

As to the first step, a plaintiff prevails in an action "when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111–112, 113 S.Ct. 566. "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." 506 U.S. at 113, 113 S.Ct. 566. Here, the plaintiff is a prevailing party because the jury awarded her compensatory damages in the form of lost benefits.

The defendant argues that the plaintiff is not a prevailing party because the jury's award of lost benefits created no material change in the legal relationship between the parties. In particular, the defendant contends that the FAA awarded the plaintiff $247,000 in back pay and approximately $54,000 in back benefits and therefore the jury's award of lost benefits was "at the very most, a recalculation of past due

benefits". The Court disagrees. First, the defendant cites no authority to support its argument. Second, the jury award altered the legal relationship between the parties in a way that directly benefitted the plaintiff because it created a legal obligation—predicated on a final judgment—to compensate the plaintiff for actual damages.

The defendant next argues that even if the plaintiff is deemed a prevailing party, her fee application should be denied in its entirety because the jury awarded her a *de minimis* amount of money. In support of its argument, the defendant relies on *Farrar* and its progeny. In *Farrar*, the Supreme Court held that "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, ... the only reasonable fee is usually no fee at all." 506 U.S. at 115, 113 S.Ct. 566 (citation omitted). *Farrar* is not applicable here because the jury awarded the plaintiff compensatory damages. Accordingly, the Court finds that the plaintiff is a prevailing party who is entitled to attorney's fees.

As to the second step, courts use the "lodestar" method to determine the reasonableness of attorney's fees. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Under that method, a court makes an initial calculation of a lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763–764 (2d Cir.1998); *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir.1997). If the court finds that certain claimed hours are excessive, redundant, or otherwise unnecessary, it should exclude those hours from its lodestar calculation.

*Luciano*, 109 F.3d at 116. After the initial lodestar calculation is made, the court should then consider whether upward or downward adjustments are warranted by factors such as the extent of success in the litigation and the degree of risk associated with the claim. *Hensley*, 461 U.S. at 434 & n. 9, 103 S.Ct. 1933 (citation omitted).

The hourly rate used in the calculation must be the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano*, 109 F.3d at 116 (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984)). In determining the lodestar calculation, the "community" to which the district court should look is the district in which the court sits. *Cruz v. Local Union Number 3 of the Int'l Bhd. Of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994). A litigant should not be denied attorney's fees for hours spent "on interim stages of the case in which a ruling was made in favor of the party against whom she ultimately prevailed." *Gierlinger v. Gleason*, 160 F.3d 858, 880 (2d Cir.1998) (citing *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir.1996)).

The plaintiff's counsel requests a billing rate of $225 per hour. This rate is in line with the market rates in the Eastern District of New York for experienced and skillful attorneys in comparable cases. See *Luciano*, 109 F.3d at 115 (upholding the rate of $225 per hour for an experienced and skillful partner in an employment discrimination case in the Eastern District of New York); *Perdue v. City University of New York*, 13 F.Supp.2d 326, 345 (E.D.N.Y.1998) (awarding the rate of $225 per hour for partner in an employment discrimination case). Plaintiff's counsel states that he expended 532.23 hours on the case. A review of the billing records indicate that the time spent was

reasonable and not excessive. The records document specific work on the case that was necessary and proper.

■ The defendant objects only to the 120 hours expended preparing the complaint and responding to discovery demands. A review of the plaintiff's discovery responses indicate that plaintiff's counsel spent a considerable period of time preparing them. The Court cannot say that this time was unnecessary. As such, the Court denies the defendant's objection and finds that those hours were reasonable. Based on the above-noted findings, the initial lodestar calculation is as follows:

Attorney: 532.23 hours at $225 per hour= $119,751.75

A strong presumption exists that the lodestar calculation represents the "reasonable" fee, even when that calculation is disproportionate to the amount of damages awarded to the successful plaintiff. *Grant v. Martinez,* 973 F.2d 96, 101–102 (2d Cir. 1992). However, a court must still determine whether the plaintiff's level of success is so low that it should reduce the fee award, *Grant,* 973 F.2d at 101, or so "exceptional" that it should enhance the award, *see Hensley,* 461 U.S. at 435, 103 S.Ct. 1933.

■ Although the plaintiff's success was not so low as to preclude an award of attorney's fees, her success was indeed limited. The jury found against the plaintiff on two of the three causes of action presented to them. Also, in summation, plaintiff's counsel requested $3,000,000 for past and future emotional distress and $447,000 in back pay and received no award for these damages. In addition, the plaintiff recovered no front pay. The plaintiff's only recovery was $58,625.86 in lost benefits. As such, a significant part of the trial was devoted to testimony on two

causes of action and issues related to damages, which the jury decided in favor of the defendant. This lack of success on two of the three causes of action and all of the damages' claims except lost benefits justifies a substantial downward departure from the lodestar. Accordingly, bearing in mind the special skills and dedicated effort of plaintiff's counsel, the Court finds that a sixty percent reduction to the lodestar amount is warranted and therefore awards the plaintiff attorney's fees in the total sum of $47,900.70.

## II. COSTS

■ Rule 54 provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed.R.Civ.P. 54(d)(1). As a prevailing party, the plaintiff is entitled to the following costs: (1) $5,618.50 for the deposition transcripts, *see* 28 U.S.C. § 1920(2); (2) $3,646 for the transcripts of the court proceedings, *id.;* and (3) $6,973.10 for expert witness fees, *see* 42 U.S.C. § 2000e–5(k). However, the plaintiff is not entitled to costs for the time billed for secretarial work. *See* 28 U.S.C. § 1920. Accordingly, the Court awards the plaintiff costs in the sum of $16,237.60.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff is awarded attorney's fees in the sum of $47,900.70 and costs in the sum $16,237.60 for the total sum of $64,138.30; and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the judgment dated December 20, 2002 to include the sum of $64,138.30 for attorney's fees and costs; and it is further

468

ORDERED, that the Clerk of the Court is directed to close this case.

SO ORDERED.