Anne SEPAR, Plaintiff,

v.

**NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES and The County of Nassau, Defendants.**

**No. CV 01 0112.**

United States District Court, E.D. New York.

July 27, 2004.

Enza Cammarasana, East Northport, NY, for Plaintiff.

Lorna B. Goodman, Nassau County Attorney, Mineola, NY, for Defendant County.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Presently before the court is Plaintiff's counsel's request for an award of statutory attorneys' fees. This submission follows a jury verdict in favor of plaintiff Anne Separ ("Plaintiff") in the amount of $75,000. Plaintiff's counsel seeks $83,375.00 in attorneys' fees. Defendants oppose the application and contend that counsel is entitled to no more than $25,000.

### BACKGROUND

#### I. *Plaintiff's Complaint and the Jury Verdict*

Plaintiff's complaint set forth four causes of action, all based upon the allegation that Plaintiff suffered discrimination while an employee at the Nassau County Department of Social Services. The specific claims set forth in Plaintiff's complaint were:

- employment discrimination in violation of 42 U.S.C. § 1981;
- employment discrimination in violation of Title VII;
- employment discrimination in violation of the Americans with Disabilities Act ("ADA"), and
- employment discrimination in violation of New York State Law

Three of the four causes of action set forth above were dismissed on the second day of trial, at the close of Plaintiff's case. The single remaining cause of action was Plaintiff's claim brought pursuant to the ADA. That claim, however, was also pared down before being submitted to the jury. Specifically, the court dismissed Plaintiff's direct claim of disability discrimination and allowed the jury to consider only Plaintiff's claim of retaliation. This sole remaining claim was presented to the jury as three separately stated theories of recovery. The jury was provided with interrogatories asking whether Defendants retaliated against Plaintiff's request for a disability accommodation in three separate ways by:

- failing to promote plaintiff;
- disciplining plaintiff for her insubordination to a state court judge; and
- placing derogatory comments about plaintiff in her personnel file.

The jury rejected the first two theories of retaliation set forth above but found that Defendants had retaliated against

Plaintiff's request for a disability accommodation when derogatory comments were placed in Plaintiff's personnel file. The $75,000 awarded to Plaintiff was on this claim alone.

Claiming prevailing party status, Plaintiff now seeks an award of all attorney's fees expended in this matter.

## II. *The Parties' Positions*

While Defendants acknowledge that Plaintiff has prevailed in some ways, it is argued that Plaintiff's fee request should be reduced by 80%. This reduction is alleged to be warranted by the number of unsuccessful claims pursued to trial. In addition to seeking this percentage reduction, Defendants attack Plaintiffs' counsels' hourly rates, the necessity of time spent and the adequacy of counsels' records.

Plaintiff opposes the percentage reduction on the ground that all claims alleged stem from the same set of facts. In response to the allegations of inadequate billing records, Plaintiff's counsel alleges that the contemporaneous recording of time spent on this matter by trial counsel and original counsel are more than adequate.

## DISCUSSION

### I. *General Principles*

■ A prevailing plaintiff in a civil rights case is entitled to an award of reasonable attorney's fees as part of the costs. A plaintiff is deemed to have prevailed if he has obtained "at least some relief on the merits of his claim," that "directly benefit[s] him at the time of the judgment or settlement." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Once it is determined that a party has prevailed, the issue before the court is the reasonableness of the fee sought.

■ The first step in determining the appropriate fee award is calculation of the lodestar amount. *Green v. Torres,* 361 F.3d 96, 98 (2d Cir.2004); *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 424 (2d Cir. 1999); *Hine v. Mineta,* 253 F.Supp.2d 464, 466 (E.D.N.Y.2003). This amount is determined by considering: (1) the appropriate hourly rate and (2) the appropriate number of hours billed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Cruz v. Local Union No. 3,* 34 F.3d 1148, 1159 (2d Cir.1994); *Betancourt v. Giuliani,* 325 F.Supp.2d 330, 331, 2004 WL 1586480 *2 (S.D.N.Y.2004); *Hine,* 253 F. Supp2d at 466.

■ As to the appropriate rate, a prevailing party's attorney is entitled to a reasonable hourly rate earned by an attorney in the community of similar experience and expertise. *Hine,* 253 F. Supp.2d at 466. When considering the number of hours, the court may use its discretion to reduce the amount of hours for which the prevailing plaintiff's attorney can bill. The court may reduce for hours not reasonably expended or where documentation of the hours spent by counsel is not adequate. See *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933; *Hine,* 253 F.Supp.2d at 466.

■ Once the lodestar figure is calculated, the court has discretion to increase or decrease that amount. The fee may be adjusted based upon the plaintiff's level of success. *See Hensley,* 461 U.S. at 436, 103 S.Ct. 1933; *Betancourt,* 325 F.Supp.2d at 331, 2004 WL 1586480 at *2. Where, as here, a plaintiff fails to succeed on a number of claims pled, a reduction in fees is usually warranted. *E.g., Hine,* 253 F.Supp.2d at 467; *see Green,* 361 F.3d at 99 ("most important factor" in determining the appropriate fee award is "the degree of success obtained by the plaintiff"). When determining the proper reduction, the court can attempt to identify and subtract those hours spent litigating the unsuccessful claim. *Green,* 361 F.3d at 98. In the alternative, the court can "simply reduce

the award to account for the limited success." *Green*, 361 F.3d at 99, quoting, *Hensley*, 461 U.S. at 436–37, 103 S.Ct. 1933, *see, e.g.*, *Betancourt*, 325 F.Supp.2d at 332, 2004 WL 1586480 at *3 (reduction of 90% for limited success); *Hine*, 253 F.Supp.2d at 467 (reduction of 60% where plaintiff failed to succeed on two of three causes of action).

 Despite the fact that fees may be reduced to reflect the rejection or withdrawal of certain claims, the Second Circuit has made clear that fees are not always to be routinely reduced on a strict percentage basis if claims are pled and later abandoned. *See Green*, 361 F.3d at 99–100. Where claims are raised in good faith, the later abandonment of those claims is not a sufficient ground, standing alone, for reducing counsel fees. *Id.* at 100. On the other hand, where a plaintiff pleads and then later fails to submit any material evidence on a claim, it may be concluded that plaintiff has "pled 'an overly broad case that he had no realistic expectation of ultimately proving.'" *Id.* Under such circumstances, it is appropriate to reduce a fee based upon the pursuit of "inflated" claims. *Id.*

II. *Disposition of the Motion*

 As an initial matter, the court notes that plaintiff is clearly a prevailing party within the meaning of the relevant statute. While plaintiff did not recover on all claims initially alleged, the $75,000.00 in damages awarded to the plaintiff is sufficient to entitle Plaintiff to prevailing party fees. Having made this determination, the court considers the proper lodestar figure and any appropriate adjustments thereto.

Plaintiff was represented by Enza Cammarasana ("Cammarasana") during the entire course of this litigation. Cammarasana was later joined by John Lewis ("Lewis") who represented Plaintiff during the later stages of this litigation and at trial. Plaintiff seeks an award based upon $250 per hour for Cammarasana who has approximately twelve years of legal experience, and for Lewis, who has approximately nineteen years of legal experience.

Defendants argue that Cammarasana's fee of $250.00 per hour is excessive and suggest that her fee be limited to $125.00 per hour. While Defendants concede that Lewis is justified in requesting an hourly rate of $250.00 per hour, it is argued that many hours billed by Lewis were duplicative of hours billed by Cammarasana. Defendants also argue that Cammarasana's time sheets are vague because they fail to detail the subject matter of particular conversations, telephone conferences or hearings. While it is conceded that Lewis's time sheets are clearer, those time sheets are nonetheless attacked on the ground that they lack a precise description of subject matter of the claims discussed or reviewed during those periods of time.

 The court holds that, when considering the prevailing market rate for attorneys with like experience and skill of each of plaintiff's attorneys, each of Plaintiff's attorneys' hourly fees should be set, as requested, at $250.00 per hour. Upon review and consideration of the billing records submitted, the court holds that those records are adequate and rejects the invitation to parse each and every entry in a likely futile search for non-essential billing. *Accord Betancourt*, 325 F.Supp.2d at 333–34, 2004 WL 1586480 at *4 (noting that "less than surgical standards exist by which to neatly and minutely isolate and sever elements of legal services devoted to [distinct] claims"). The appropriate lodestar figure is, accordingly the full amount sought—$83,375.

 Having considered the proper lodestar, the court turns to consider whether it is appropriate to award the amount requested by Plaintiff or to adjust that figure. Defendants argue that it is

appropriate to reduce the fees sought and seek an 80% reduction based upon the pleading and later abandonment of several claims initially set forth in the complaint. Plaintiff objects to any reduction and seeks an award of the full fee.

While the court agrees that Plaintiff's limited success warrants a reduction in counsel fees, the court declines to reduce the fees as sharply as suggested by Defendants. Defendants' approach is one that is strictly mathematical and applies a percentage reduction based upon a comparison of the number of claims alleged and the one claim that ultimately succeeded. The court will not accept that approach but will nonetheless reduce the fees sought. Upon consideration, the court holds that it is appropriate to reduce Plaintiff's attorneys' fees and allow recovery of 60% of the fees sought. This reduction reflects the fact that Plaintiff originally pled several causes of action but failed to submit any material evidence in support of those causes of action. The failure to present such evidence resulted in dismissal of those claims at the close of Plaintiff's case. The reduction also reflects the fact that even on the claims submitted to the jury, each of which were factually distinguishable, Plaintiff achieved only limited success. In sum, the court holds that Plaintiff's level of success, the most important factor to weigh when considering a fee application, warrants an award of only 60% of the fees sought.

### CONCLUSION

In light of the foregoing, Plaintiff is entitled to recover 60% of the $83,375 sought in attorneys' fees for a total of $50,025.

SO ORDERED.